IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD W. REGEN and COAST ATM, <br><br> Defendants. | C.A. No. 04-CV-1516 (KAJ) <br><br> **Jury Trial Demanded** <br> **Injunctive Relief Requested** |

### PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT HOWARD W. REGEN

Plaintiffs, Money Centers of America, Inc. and Available Money, Inc., by their undersigned counsel, hereby move the Court pursuant to Federal Rule of Civil Procedure 37 for sanctions against defendant Howard W. Regen, and state as follows in support thereof:

1.  On or about January 27, 2005, Plaintiffs filed their Complaint and a Motion for Temporary Restraining Order and for Injunctive Relief in this action. The parties initially reached agreement in principal on of the terms of a consent order pending resolution of Plaintiffs' motion for a preliminary injunction, but required the Court's intervention to resolve certain issues. One such issue was Mr. Regen's objection to appearing in Delaware for his deposition. Mr. Regen raised only the issue of the costs associated with travel to Delaware as the basis for his objection. During a January 28, 2005 teleconference, the Court ruled that Mr. Regen was required to appear in Delaware for his deposition and to bear the associated costs.

2. On February 3, 2005, this Court entered a Consent Order directing, *inter alia*, that: (a) the parties cooperate in expedited discovery; and (b) Mr. Regen appear in Delaware for a deposition at a mutually agreeable time and place at no cost to Plaintiffs during the expedited discovery period.

3. On or about February 22, 2005, via facsimile and first class mail, Plaintiffs served Mr. Regen's counsel with their First Request for Production of Documents. On or about March 7, 2005, via facsimile and first class mail, Mr. Regen served Plaintiffs' counsel with his Response to Plaintiffs' First Request for Production of Documents.

4. On or about March 7, 2005, Mr. Regen produced a copy of a document entitled "Non-Disclosure Agreement" that had been addressed to him purportedly on or about July 12, 2004. The document seemingly reflects a confidentiality agreement between Coast ATM, Inc. and Mr. Regen. This document is materially deficient and appears to have been altered prior to its production. It is impossible to tell from the inappropriately altered documents who signed on behalf of Coast ATM, Inc. Whatever entries that would have been next to the "By", "Name", and "Title" fields appear to have been hastily scratched out.

5. Mr. Regen has since neither supplemented his document production generally nor produced any documents that would clarify with whom at Coast ATM, Inc. he entered into the "Non-Disclosure Agreement" produced to Plaintiffs.

6. As stated above, the Court's Consent Order directed Mr. Regen to appear in Delaware for his deposition. On or about March 7, 2005, Mr. Regen's counsel faxed a physician's letter to counsel for Plaintiffs. The letter purports to reflect a medical conclusion that Mr. Regen's ailments prohibited any type of travel, including Mr. Regen's travel to Delaware for a deposition. However, Mr. Regen never raised his purported medical restriction as a grounds

for not appearing in Delaware for his deposition when the issue was addressed and decided by this Court during the January 28, 2005 teleconference.

7. Nevertheless, in order to accommodate Mr. Regen, Plaintiffs' counsel, Matthew A. Taylor, Esquire, flew from Philadelphia, Pennsylvania to Los Angeles, California on March 7, 2005 to conduct Mr. Regen's deposition on March 8, 2005. Mr. Taylor's total travel time was fourteen (14) hours and thirty (30) minutes. *See* Affidavit of Matthew A. Taylor, Esquire (Exhibit "C"), ¶ 5. The deposition itself ran five (5) hours and twenty-seven (27) minutes. *See id.* ¶ 6. Mr. Taylor's combined time therefore was nineteen (19) hours and fifty-seven (57) minutes. *Id.* ¶ 7. Mr. Taylor's hourly rate is $370. *Id.* ¶ 8.

8. During his deposition, Mr. Regen was persistently and unjustifiably uncooperative, evasive, and bellicose toward Mr. Taylor. For example, Mr. Regen: (a) repeatedly refused to answer questions regarding the corporate structure and leadership either of Coast ATM, Inc. or Coast ATM, LLC; (b) provided conflicting and vague testimony generally; (c) physically and verbally threatened Mr. Taylor; (d) persistently refused to answer any questions regarding the apparently redacted document that he produced; and (e) used profane and obscene language in reference to Mr. Taylor, Plaintiffs' principal, and a competitor's principal.

9. Mr. Regen repeatedly testified during his March 8 deposition that he had no relationship with Coast ATM, Inc. and that he had no knowledge as to the identity of Coast ATM's executives or as to the nature of its business. Counsel for Plaintiffs have, since the time of Mr. Regen's deposition,[1] obtained from a third party a copy of an agreement dated November 9, 2004, to which Coast ATM, Inc. is a party. The agreement is signed on behalf of Coast ATM,

---

[1] Plaintiffs' counsel obtained a copy of the agreement after the March 11 preliminary injunction hearing and therefore did not present the issue to the Court at that time.

<u>Inc. by Howard Regen, whose title is described as "Director."</u>  This agreement, apparently signed by Mr. Regen on behalf of Coast ATM, Inc. in his capacity as a director of Coast ATM, Inc., directly contradicts Mr. Regen's deposition testimony and calls into serious question Mr. Regen's veracity.

10.     The Court held a one-day hearing on Plaintiffs' request for a preliminary injunction on March 11, 2005, during which time relevant portions of Mr. Regen's deposition testimony were read into the record.  After ruling that Plaintiffs had satisfactorily demonstrated the prerequisites for injunctive relief, the Court addressed Mr. Regen's behavior during his deposition and his failure to comply in good faith with his discovery obligations.

11.     In light of Mr. Regen's conduct, and the Court's findings regarding Mr. Regen's conduct and discovery abuses, Plaintiffs hereby move for an order in the form attached hereto requiring Mr. Regen to reimburse them for fees incurred in traveling to and taking Mr. Regen's deposition.

12.     This Court may impose the requested sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, and in particular, Rule 37(b), which concerns a party's failure to comply with an order, and Rule 37(c), which concerns a party's failure to disclose information and/or production of false or misleading information.  Plaintiffs respectfully request that the Court direct Mr. Regen to pay the sanction within ten (10) days of the Court's Order awarding sanctions.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order pursuant to Rule 37(b) and (c) of the Federal Rules of Civil Procedure, directing Howard W. Regen to pay Plaintiffs the amount of $7400.00, which amount reflects the attorneys' fees accrued in the travel to and from Los Angeles, California and in the deposition of Mr. Regen, within ten (10) days of the date of the Court's Order.

DATED: March 17, 2005

**DUANE MORRIS LLP**

/s/ Thomas P. McGonigle
Thomas P. McGonigle (Del. I.D. No. 3162)
1100 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: 302.657.4900
Fax: 302.657.4901

**OF COUNSEL:**

Matthew A. Taylor
James L. Beausoleil, Jr.
**DUANE MORRIS LLP**
One Liberty Place
40th Floor
Philadelphia, Pennsylvania 19103

Attorneys for Plaintiffs