**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC.,

Plaintiffs,

v.

HOWARD W. REGEN and COAST ATM,

Defendants.

C.A. No. 04-CV-1516(KAJ)

**Jury Trial Demanded
Injunctive Relief Requested**

**AFFIDAVIT OF MATTHEW A. TAYLOR, ESQUIRE**

I, MATTHEW A. TAYLOR, ESQUIRE, being duly sworn according to law, do hereby depose and state as follows:

1. I am a partner practicing law in the commercial litigation field at Duane Morris LLP. In my practice, among other areas, I handle a wide range of employment matters involving non-compete agreements, trade secrets, and business-related torts.

2. In the above-captioned action, my firm represents Plaintiffs: Money Centers of America, Inc., as successor in interest by merger to iGames Entertainment, Inc., and Available Money, Inc. I have worked together in this representation with attorneys Thomas P. McGonigle and Matthew Neiderman of our law firm's Wilmington, Delaware office, and with James L. Beausoleil, Jr. and Matthew M. Ryan of our law firm's Philadelphia, Pennsylvania office. In this capacity, I was the attorney responsible for the deposition of Defendant Howard W. Regen.

3. I submit this Affidavit in support of Plaintiffs' Motion for Sanctions Against Defendant Howard W. Regen, which Motion seeks an award of attorneys' fees reflecting those fees incurred by Plaintiffs in the deposition of Mr. Regen.

4. I am an attorney admitted to practice in Pennsylvania and New York. I am a graduate of Boston College and the Georgetown University Law Center. I am an active trial lawyer, serving as lead trial counsel in several outstanding matters. Attached to this Affidavit as Exhibit 1 is a true and correct copy of my professional biography.

5. In order to depose Mr. Regen, I flew from Philadelphia, Pennsylvania to Los Angeles, California, on March 7, 2005. My flight departed from Philadelphia at 3:40 p.m., Eastern Standard Time, and arrived in Los Angeles at 6:41 p.m., Pacific Standard Time. My total travel time out to Los Angeles equaled seven (7) hours and thirty (30) minutes, which total also reflects incidental travel time to and from the airports. My return flight departed from Los Angeles at 7:00 a.m., Pacific Standard Time, and arrived in Philadelphia at 2:57 p.m., Eastern Standard Time. My total travel time, again including incidental travel time to and from airports, was seven (7) hours. Attached to this Affidavit as Exhibit 2 is a true and correct copy of my travel itinerary.

6. According to the certified copy of the transcript of Mr. Regen's deposition, the deposition began at 8:47 a.m. and ended at 2:14 p.m. on Tuesday, March 8, 2005. Therefore, the total amount of time that I spent deposing Mr. Regen was five (5) hours, twenty-seven (27) minutes. Attached to this Affidavit as Exhibit 3 is a true and correct copy of relevant portions of the certified copy of the transcript of Mr. Regen's deposition.

7. My combined time for traveling to and from Los Angeles and for deposing Mr. Regen was nineteen (19) hours and fifty-seven (57) minutes.

8. With respect to my recent activities in this matter, Plaintiffs have incurred attorneys' fees in the amount of $7400.00. The attorneys fees Plaintiffs have incurred are, I believe, very reasonable and fair. These fees are based on an hourly rate of $370 for my time, which rate is consistent with the generally prevailing rates for counsel in the Philadelphia, Pennsylvania area with my education and expertise.

I state under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed: March 14, 2005

Matthew A. Taylor, Esquire