IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HOWARD W. REGEN, and COAST ATM,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1516-KAJ<br>)<br>)  **Jury Trial Demanded**<br>)<br>)  **Preliminary Injunctive**<br>)  **Relief Requested**<br>) |

## **PRELIMINARY INJUNCTION**

THE PLAINTIFFS, having initiated this action by the filing and service of Plaintiffs' Complaint and their Motion for Temporary Restraining Order and for Preliminary Injunctive Relief, which Motion was directed to Howard Regen only; and

THE COURT, having conducted a one-day bench hearing on the request for a preliminary injunction on March 11, 2005, having considered the testimony and evidence presented at the March 11 hearing and having considered the parties' respective submissions with respect to Plaintiffs' Motion for Preliminary Injunctive Relief;

IT IS HEREBY ORDERED, this _____day of _____, 2005 that Defendant Howard W. Regen, whether alone or in concert with others, including, without limitation, any officer, agent, employee, and/or representative of Coast ATM, Inc. or Coast ATM, LLC, is hereby preliminarily enjoined and restrained from doing any of the following:

    1.    Directly or indirectly soliciting, enticing, or inducing any current or past client or customer of Money Centers of America, Inc., iGames Entertainment, Inc. and/or Available Money, Inc. to become a client or customer of Coast ATM, Inc.,

    Coast ATM, LLC or any other person, firm or corporation other than Plaintiffs with respect to automated teller machines, cash management services, check cashing services, or any other product and/or service currently offered by Plaintiffs or under development;

    2. Directly or indirectly soliciting, enticing or inducing any client or customer of Plaintiffs to cease doing business with Plaintiffs; and

    3. Managing, becoming employed by, investing in (other than less than five percent ownership in a publicly held company), becoming a partner in or otherwise owning, associating with, dealing with or advising or giving assistance of any kind or nature whatsoever to any person or entity of any kind that engages in any business activities which, if carried on directly by Defendant, would constitute a breach of the foregoing restrictions.

  IT IS FURTHER ORDERED that Defendant Howard W. Regen, whether alone or in concert with others, including, without limitation, any officer, agent, employee, and/or representative of Coast ATM, Inc. or Coast ATM, LLC, cooperate in the removal and replacement of the two ATM machines in the Argosy Casino being processed by Key Bank (which cooperation shall include seeking the cooperation of Key Bank) from the Argosy Casino property with and at the direction of Plaintiffs such that Plaintiffs are able to simultaneously replace the machines with their own products, and without interruption of service to Argosy Casino;

  IT IS FURTHER ORDERED that the parties hereto shall cooperate in discovery in this action, including the scheduling of depositions of the parties and the producing of responsive documents;

  IT IS FURTHER ORDERED that this Order shall expire upon final resolution of this action unless otherwise ordered by the Court;

  IT IS FURTHER ORDERED that no bond need be posted in light of the agreement between the parties and the nature of the relief requested.

                _____
                United States District Judge