IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successors in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD W. REGEN and COAST ATM, INC., <br><br> Defendants. | C.A. No. 04-CV-1516 (KAJ) |

**OPENING BRIEF OF DEFENDANT ATM COAST, INC.
IN SUPPORT OF ITS MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant
ATM Coast, Inc.

Dated: April 4, 2005

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    THERE IS NO BASIS WHATSOEVER FOR THE EXERCISE OF PERSONAL JURISDICTION OVER COAST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF AUTHORITIES

**Cases**

**Walker v. West Michigan Nat. Bank & Trust**, 324 F.Supp.2d 529 (D. Del. 2004) . . . 4

**Other authorities**

10 **Del. C.** §3104(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 4(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed.R.Civ.P. 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## NATURE AND STAGE OF THE PROCEEDINGS

On July 28, 2004, iGames Entertainment, Inc. ("iGames") and Available Money, Inc. ("Available Money") filed suit against Helene Regen and Howard Regen in the Court of Common Please for the County of Philadelphia. Under Pennsylvania law, a party can commence an action by filing a Writ of Summons, without filing a Complaint, and, at that time, no Complaint was filed.

On September 3, 2004, the action was removed to the United States District Court for the District of Delaware. On November 9, 2004, the Hon. Lawrence F. Stengel issued an Order denying plaintiffs' motion to remand and granting defendants' motion to transfer to this Court. (D.I. 10).

On January 27, 2005, iGames filed its Complaint, naming Howard Regen and Coast ATM, Inc. ("Coast") as defendants. (D.I. 15). On that same date, iGames filed a motion for a temporary restraining order and preliminary injunction, along with supporting documents (D.I. 16-19).

On January 28, 2005, a Summons was issued for Coast. Plaintiffs purported to serve the Summons and Complaint on Coast in California via overnight courier. After counsel for Coast advised plaintiffs that such service did not satisfy the requirements of either Delaware or California law as required under Fed. R. Civ. P. 4(e), plaintiffs issued a new Summons to Coast, personally served this time. Plaintiffs filed a Return of Service on April 1, 2005. (D.I. 41).

On April 4, 2005, Coast filed a Motion to Dismiss for Lack of Personal Jurisdiction. This is Coast's opening brief in support of that motion.

1

## SUMMARY OF ARGUMENT

There is no basis whatsoever for the exercise of personal jurisdiction over Coast, a California corporation. Coast does not do any business in Delaware or with Delaware, and none of the other alternative requirements of Delaware's Long Arm statute have been met. In such circumstance, plaintiffs have not only failed to satisfy Delaware's statutory requirements, they have also failed to meet the test of Due Process.

## STATEMENT OF FACTS

Coast is a corporation duly organized and existing under the laws of the State of California. It has no offices, agents or employees in Delaware, and has never conducted any business in Delaware. Coast does not have any bank accounts in Delaware and does not own any real property located in Delaware. (Regen Decl. ¶2[1]).

Coast has never contracted to supply goods or services in Delaware. No officer, employee or agent of Coast has ever set foot in Delaware for any purpose relating to Coast. (Regen Decl. ¶3).

Coast has never contracted to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within Delaware. (Regen Decl. ¶4).

---

[1] The Declaration of Stephen Regen, filed herewith, it cited to herein as "Regen Decl. ¶___."

**ARGUMENT**

I. **THERE IS NO BASIS WHATSOEVER FOR THE EXERCISE OF PERSONAL JURISDICTION OVER COAST.**

"When a defendant moves the court pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that the court may exercise personal jurisdiction over the defendant consistent with both the constitutional requirements of due process and the state's long arm statute." **Walker v. West Michigan Nat. Bank & Trust**, 324 F.Supp.2d 529, 532 (D. Del. 2004).

Delaware's Long Arm statute states, in pertinent part, that:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the

> contract is made, unless the parties otherwise provide in writing.

10 **Del. C.** §3104(c).

As plaintiffs cannot establish that any of the elements of the Long Arm statute have been satisfied, Coast should be dismissed from this action.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, defendant Coast ATM, Inc. respectfully requests that the Court dismiss it from this action.

    /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant Coast ATM, Inc.

Dated: April 4, 2005

Case 1:04-cv-01516-KAJ   Document 44   Filed 04/04/2005   Page 10 of 10

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on April 4, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Thomas P. McGonigle, Esq.
>Duane Morris LLP
>1100 N. Market St., 12th fl.
>Wilmington, DE 19801

>/s/ David L. Finger
>David L. Finger (DE Bar ID #2556)
>Finger & Slanina, LLC
>One Commerce Center
>1201 Orange Street, Suite 725
>Wilmington, DE 19801-1155
>(302) 884-6766