## FIRST AMENDMENT TO SETTLEMENT AGREEMENT

The parties hereby amend Paragraph 7 of the April 22, 2005 Settlement Agreement by, between and among Helene Regen, Howard Regen, Samuel K. Freshman, iGames Entertainment, Inc., Available Money, Inc., Money Centers of America, Inc., Christopher M. Wolfington and Coast ATM to provide that iGames and Chris Wolfington shall have fourteen (14) days from the date hereof to obtain the writings as called for under the Settlement Agreement from Irvine Co. referenced in Paragraph 7 and to obtain the required release of liability from the Irvine Company described in Paragraph 7. No payments or obligations, as called for under the Settlement Agreement, of Helene Regen, Howard Regen, Samuel K. Freshman and or Coast ATM under the Settlement Agreement shall be operable until receipt of the documents as required under paragraph 7. Upon receipt by of the documents required by paragraph 7, Helene Regen, Howard Regen and Samuel K. Freshman shall have the greater of (i) 7 days from the receipt of the documents required by paragraph 7 or (ii) 14 days from the date of the fully executed settlement agreement to pay all funds as called for under the settlement agreement.

All other provisions of Paragraph 7 and of the entire Settlement Agreement are reaffirmed and shall remain unchanged by this First Amendment.

IN WITNESS HEREOF, the parties have executed this First Amendment effective as of April 22, 2005.

_____    Date: _____
Samuel K. Freshman, an individual

_____    Date: _____
Helene Regen, an individual

PH2\857642.1

1

## FIRST AMENDMENT TO SETTLEMENT AGREEMENT

The parties hereby amend Paragraph 7 of the April 21, 2005 Settlement Agreement by, between and among Helene Regen, Howard Regen, Samuel K. Freshman, iGames Entertainment, Inc., Available Money, Inc., Money Centers of America, Inc., Christopher M. Wolfington and Coast ATM to provide that iGames and Chris Wolfington shall have fourteen (14) days from the date hereof to obtain the writings as called for under the Settlement Agreement from Irvine Co. referenced in Paragraph 7 and to obtain the required release of liability from the Irvine Company described in Paragraph 7. No payments or obligations, as called for under the Settlement Agreement, of Helene Regen, Howard Regen, Samuel K. Freshman and or Coast ATM under the Settlement Agreement shall be operable until receipt of the documents as required under paragraph 7. Upon receipt by of the documents required by paragraph 7, Helene Regen, Howard Regen and Samuel K. Freshman shall have the greater of (i) 7 days from the receipt of the documents required by paragraph 7 or (ii) 14 days from the date of the fully executed settlement agreement to pay all funds as called for under the settlement agreement.

All other provisions of Paragraph 7 and of the entire Settlement Agreement are reaffirmed and shall remain unchanged by this First Amendment.

IN WITNESS HEREOF, the parties have executed this First Amendment effective as of April 22, 2005.

_____   Date: 4/28/05
Samuel K. Freshman, as individual


_____   Date: _____
Helene Regen, as individual

_____  Date: _____
Howard Regen, an individual


_____  Date: _____
Christopher M. Wolfington, an individual

COAST ATM

By: _____  Date: 4-22-05

PH2\857642.1

2

## CONTINUATION OF FIRST AMENDMENT TO SETTLEMENT AGREEMENT

_____          Date: _____
Howard Regen, an individual

*[signature]*                                 Date: 4-21-05
Christopher M. Wolfington, an individual

COAST ATM

By: _____      Date: _____

iGAMES ENTERTAINMENT, INC.

*[signature]*                                 Date: 4-21-05
Christopher M. Wolfington

MONEY CENTERS OF AMERICA, INC.

By: *[signature]*                             Date: 4-21-05

AVAILABLE MONEY, INC.

By: *[signature]*                             Date: 4-21-05
Christopher M. Wolfington

PH2 857542.1

2