**dfinger@delawgroup.com**

| | |
|---|---|
| **From:** | "Beausoleil, James L." <JLBeausoleil@duanemorris.com> |
| **To:** | <dfinger@delawgroup.com> |
| **Cc:** | <cw@moneycenters.com>; "Neiderman, Matt" <MNeiderman@duanemorris.com>; "Taylor, Matthew A." <MATaylor@duanemorris.com> |
| **Sent:** | Wednesday, June 22, 2005 1:01 PM |
| **Subject:** | RE: Available Money |

David, our position is clearly outlined in the Motion. We will withdraw the Motion upon confirmation that your clients have wired the money they owe plus $3,400 to cover the legal fees and costs that MCA has incurred as a result of your clients' bad faith conduct and stalling tactics.

---

**From:** dfinger@delawgroup.com [mailto:dfinger@delawgroup.com]
**Sent:** Wednesday, June 22, 2005 11:22 AM
**To:** Beausoleil, James L.
**Subject:** Available Money

Dear Jim:

I have received your motion to re-open. I have a few questions in the hope of resolving this matter:

1. My clients received the stipulation initialed by Mr. Wolfington on June 21 at 7:42 a.m. pst, signed it and faxed it back to Mr. Wolfington at 7:57 a.m. pst that same day. Please confirm Mr. Wolfington's receipt of it.

2. The settlement agreement is expressly contingent upon a release of liability by Irvine Company of the contracting parties and Coast and a written waiver of the non-assignment clause in the Irvine contract. Moreover, the first amendment provides that no payments need to be made until such releases and waivers are provided. My clients have not received any such releases and waivers from Irvine. In light of that, what is your basis for claiming that payment by my clients is overdue?

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1201 Orange St., Ste. 725
Wilmington, DE  19801-1155
Ph:  (302) 884-6766
dfinger@delawgroup.com
www.delawgroup.com

> Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.