# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD W. REGEN and COAST ATM, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-CV-1516 (KAJ) |

## AMENDED JOINT ANSWERING MEMORANDUM OF DEFENDANTS HOWARD W. REGEN AND COAST ATM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE DISMISSAL AND ENFORCE SETTLEMENT AGREEMENT

Defendants Howard W. Regen and Coast ATM (collectively, "Defendants") submit this amended memorandum in opposition to Plaintiffs' Motion to Vacate Dismissal and Enforce Settlement Agreement, and state as follows:

1.  In Plaintiffs' Motion to Vacate Dismissal and Enforce Settlement Agreement ("Plaintiffs' Motion"), plaintiffs correctly state that on April 21, 2005, the parties entered into a written settlement agreement. (Plaintiffs' Motion ¶4). The settlement agreement states, in pertinent part that:

> This agreement is expressly contingent upon a release of liability from Irvine Company of the contracting parties and Coast ATM as of the date of the assignment and a waiver of the non-assignment clause in the Irvine contract in writing. Prior to the execution of this Settlement, iGames or

1

> Wolfington will provide a letter from Irvine Cos. Agreeing to said assignment and releasing Coast ATM, and the contracting parties from all terms and liability under said leases as of the date of the assignment.

(Plaintiffs' Motion Ex. A at ¶7).

2. Unfortunately, plaintiffs were not able to obtain such assignment and releases prior to execution of the settlement. To help effectuate the settlement, the parties therefore entered into and executed a First Amendment to Settlement Agreement, appended hereto as Exhibit A. Curiously, plaintiffs did not disclose the existence of this document in their motion. The First Amendment to Settlement Agreement states, in pertinent part, that:

> iGames and Chris Wolfington shall have fourteen (14) days from the date hereof to obtain the writings as called for under the Settlement Agreement from Irvine Co. referenced in Paragraph 7 and to obtain the required release of liability from the Irvine Company described in paragraph 7. **No payments or obligations, as called for under the Settlement Agreement, of Helene Regen, Howard Regen, Samuel K. Freshman and or Coast ATM under the Settlement Agreement shall be operable until receipt of the documents as required under paragraph 7. Upon receipt of the documents required by paragraph 7, Helene Regen, Howard Regen and Samuel Freshman shall have the greater of (i) 7 days from receipt of the documents required by paragraph 7, or (ii) 14 days from the date of the fully executed settlement agreement to pay all funds as called for under the settlement agreement.**

(Ex. A hereto, emphasis added). *See also* Exhibit B hereto (e-mail dated April 22, 2005 from Mr. Wolfington confirming agreement to delay payment).

3. On May 19, 2005, counsel for plaintiffs forwarded to counsel for defendants an unexecuted draft of an assignment releasing Coast ATM of any liability.

(Ex. C). This was not the letter from the Irvine Companies called for under the Settlement Agreement which released Coast from liability and consented to the assignment, but instead a document requiring Coast to assume new additional obligations and warranties which Coast either could not possibly make and/or which were contrary to express terms of the Settlement Agreement. After reviewing the document, Coast determined that it was unacceptable. Among the objectionable terms was a provision requiring Coast to assume all obligations, including monetary ones, under the underlying License Agreements (such License Agreements having been assigned to plaintiffs through the Settlement Agreement), which obligation was inconsistent with the terms of the Settlement Agreement agreeing to release Coast from all liabilities.

    4.    As set forth in the Declaration of Kevin C. Boyle, Esq., attached hereto as Exhibit D, Coast and counsel for the parties engaged in discussions over the problematic language, and counsel for plaintiffs agreed to made changes. After making those changes, Coast sent a revised Consent to Assignment. Plaintiffs e-mailed the revised Consent to Assignment, signed and initialed by plaintiffs, to Coast ATM on June 21, 2005 at 10:32 a.m.. (Ex. E). Coast executed and initialed the revised Consent to Assignment and e-mailed it back to plaintiffs at 11:22 a.m. that same day. (Ex. F). Later that afternoon, plaintiffs filed a motion to re-open the case and enforce the settlement agreement. When counsel for defendant asked counsel for plaintiffs how defendants are in default when their obligation to make payments does not arise until Irvine Companies signs the revised assignment, the response was "We will withdraw the Motion upon confirmation that your clients have wired the money they owe plus $3,400 to cover the

legal fees and costs that MCA has incurred as a result of your clients' bad faith conduct and stalling tactics." (Ex. G).

5. Plaintiffs' motion is bizarre. Defendants were not and are not obligated to make any cash payments to plaintiffs until Irvine Companies signs the assignment and release (which, as far as Defendants know, still has not yet been done). Coast had reasonable objections to plaintiffs' initial draft of the release, as it saddled Coast ATM with new liabilities and reporting duties which Coast could not possibly undertake, rather than relieving Coast of and releasing Coast from all liabilities as required under the settlement agreement. Defendants had to await Irvine Companies' approval of the changes (which had to be relayed by counsel for plaintiffs, who asked Defendants not to contact Irvine Companies directly). Defendants signed and returned the assignment the same morning that it received notice of approval of the revised terms.

6. All that is now required is for Plaintiffs to obtain the signature of Irvine Companies, which should be a simple enough matter, considering their representations that the revised terms are acceptable to Irvine Companies. Final performance of the terms of the settlement agreement is now fully within the control of Plaintiffs. Yet that does not seem to be good enough for them. They want the balance of the settlement money *now*, regardless of their contractual obligation to obtain an assignment and release. Plaintiffs did not contract for that, and are not entitled to that.

7. Plaintiffs' motion, and the timing of it, suggests that it is merely a tactical device to place further economic pressure on Defendants, to get them to waive their

4

rights and pay immediately to avoid legal expenses and further inconvenience. The Court should not indulge plaintiffs in this regard.

8.   Plaintiffs' Motion is inappropriate. The means to conclude the settlement is and has been exclusively within plaintiffs' control. Plaintiffs have not offered any reason for their failure to obtain the required assignment and release from Irvine Companies. If plaintiffs are unable to do so, that is a problem of their own making, and a risk that they undertook in knowingly filing the stipulation of dismissal (with advice of counsel). Plaintiffs' own failure is not a reason to undo a stipulated dismissal.

WHEREFORE, for the foregoing reasons, defendants Howard W. Regen and Coast ATM respectfully request that this Court enter an Order denying plaintiffs' Motion to Vacate Dismissal and Enforce Settlement Agreement, and award defendants their costs and attorneys' fees incurred in connection with this and plaintiffs' motions, as called for under the Settlement Agreement.

Respectfully submitted,

/s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendants

Dated: June 29, 2005

5

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that on June 28, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Matt Neiderman, Esq.
Duane Morris LLP
1100 N. Market St., 12th floor
Wilmington, DE  19801

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766