IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD W. REGEN and COAST ATM, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-CV-1516 (KAJ) |

**DECLARATION OF KEVIN C. BOYLE IN SUPPORT OF CROSS-MOTION TO ENFORCE SETTLEMENT AGREEMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION TO PLAINTIFFS' MOTION TO VACATE DISMISSAL AND ENFORCE SETTLEMENT AGREEMENT**

I Kevin C. Boyle declare that:

1. I am an attorney licensed to practice law in the state of California and I have been admitted to practice in Deleware pro hoc vice for the matter of Money Centers of America et. al. v. Howard Regan and Coast ATM., C.A. No. 04-CV-1516 (KAJ). If asked to testify, I would state the following.

2. On Tuesday, June 14, 2005, I spoke with Mr. Beausoliel and advised him that my client would sign the Consent to Assignment of License Agreement but I believed that the language did not specifically release them from the contract. I also

1

advised him that we wanted to resolve the matter and that we should also have the key man insurance policy ready to transfer (pursuant to the settlement agreement). I advised Mr. Beausoliel that the Chief Financial Officer of Money Centers, Jay Walsh, had contacted me regarding that insurance policy and it would be best to resolve these two outstanding issues at the same time so that we can resolve the entire matter. I advised Mr. Beausoliel that I was engaged in the Federal District Court, Central District of California on a matter that would take most of the day, but I intended on reviewing the Consent to Assignment as soon as possible.

3. On Thursday, June 16, 2005, Stephen Regan and myself had a conference Call with Mr. Beausoliel in which changes to the acknowledgement were discussed and Mr. Beuasoliel was advised that we would make changes so that the agreement in fact released my clients and we advised that there was a term regarding reporting surcharges that only his client could provide. The requisite changes were made and on June 17, 2005, I forwarded the changes to Mr. Beausoliel and requested that he advise us when the documents were initialed and signed by his client and Irvine.

4. On Tuesday, June 21, 2005, I received a copy of the Consent of Assignment of License Agreement that was initialed by Mr. Wolfington but not signed by Irvine. That notwithstanding my client signed the document and it was immediately

///
///
///

forwarded to Mr. Beausoliel, who acknowledged the receipt by replying to my email.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June, 2005 at Calabasas, California.

Kevin C. Boyle- Declarant