## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HOWARD W. REGEN and COAST ATM,<br><br>　　　　Defendants. | C.A. No. 04-CV-1516 (KAJ)<br><br>**Jury Trial Demanded**<br>**Injunctive Relief Requested** |

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO VACATE DISMISSAL AND ENFORCE SETTLEMENT AGREEMENT

Plaintiffs, Money Centers of America, Inc. and Available Money, Inc. ("Plaintiffs" or "MCA"), by their undersigned counsel, have moved the Court for an order vacating the dismissal of this action for purposes of enforcing Defendants' compliance with the unambiguous and written terms of the settlement agreement pursuant to which this case was dismissed because of Defendants' bad faith stalling tactics and apparent refusal to complete the settlement that was reached on April 21, 2005. Plaintiffs' respectfully submit that this Court should enter an order requiring Defendants to immediately pay all settlement amounts due and to reimburse Plaintiffs for counsel fees and costs associated with Defendants' bad faith delay tactics.

By the terms of the Settlement Agreement, the parties agreed that, among other things, Howard Regen, Helene Regen and Samuel Freshman (the "Paying Parties") were to make specified cash payments to Plaintiffs at agreed upon times. For its part, MCA agreed to deliver a writing from Irvine Company, a customer of MCA, releasing Defendants from liability "as of the

date of the assignment" and evidencing Irvine's consent to the assignment of a fraudulently obtained contract.

As was previously established in this matter through affidavits and live testimony, Irvine Company was a significant client of MCA's wholly owned subsidiary, Available Money, Inc. ("Available Money"). When Available Money's contract to provide ATM services for Irvine's properties was up for renewal, Mr. Regen misrepresented to Irvine that he was still associated with Available Money. When Irvine agreed to renew Available Money's contract, Mr. Regen, on behalf of Coast ATM, fraudulently represented to Irvine that Available Money had changed its name to "Coast ATM." Thus, Irvine entered into an agreement with Coast ATM under the assumption that it was merely renewing a contract with its current ATM provider. Once Irvine learned of Mr. Regen's fraudulent misrepresentation, which was long before the Settlement Agreement was signed, it insisted on an assignment of the services contract by Coast ATM in favor of Available Money.

Plaintiffs completed their obligations under the Settlement Agreement as a matter of law when their counsel delivered, on May 19, 2005, a document that was drafted by counsel for the Irvine Company (the "Consent to Assignment") which sought to confirm the consent by all parties to the Assignment. The Consent to Assignment was executed by iGames prior to delivery, and the email transmitting the Consent to Assignment explained that it was drafted by counsel for the Irvine Company and that the Irvine Company was prepared to sign it upon receipt of Defendants' signatures. The delivery of those documents satisfied Plaintiffs' obligations under the Settlement Agreement and thus triggered the Paying Parties' obligations to make the payments required by the Settlement Agreement.

In response to repeated calls and emails in the weeks following Plaintiffs' delivery of the Assignment, the Paying Parties represented that they would sign the Consent to Assignment but offered various excuses for their delay in actually executing the document. Shortly after MCA threatened to file a Motion to Enforce the Settlement and for Sanctions, Defendants attempted to renegotiate the document. Despite MCA's immediate concession to the last minute changes and its instructions to simply handwrite and initial the changes, Defendants attempted to stall by insisting the document be retyped and then again by forwarding an unsigned document with the changes noted but not initialed. Defendants had already been told that MCA agreed to the changes and that Irvine required all parties to sign the Consent to Assignment before it would sign. Defendants therefore knew that their last minute change in procedure would result in more delay.

Defendants' intention to stall or avoid payment pursuant to the terms of the Settlement Agreement has become abundantly clear. Two months have now passed since the execution of the Settlement Agreement and more than a month has passed since Plaintiffs performed all obligations under the Settlement Agreement precedent to the Paying Parties payment obligations, yet the Paying Parties have failed to comply. Plaintiffs therefore seek to vacate the stipulated dismissal of this action for the limited purpose of enforcing the terms of the Settlement Agreement.

Plaintiffs are thus entitled to the entry of an Order against the Paying Parties, all of whom have consented to the jurisdiction of this Court for purposes of enforcing the terms of the Settlement Agreement, directing them to make the payments required by the Settlement Agreement and compensating Plaintiffs for the costs associated with this Motion and with pursuing final resolution of the Settlement Agreement. Plaintiffs also seek extra-contractual

sanctions against Coast ATM and Howard Regen for their bad faith attempts to forestall payment on the Settlement and against Howard Regen for failing to pay the sanction that was ordered by the Court following his deposition.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order in the form attached hereto vacating dismissal of this action for the limited purpose of directing Howard Regen and the other Paying Parties to make all payments required under Sections 5 and 6 of the Settlement Agreement, together with all costs incurred by Plaintiffs in connection with this Motion and with appropriate sanctions for their conduct in forestalling their payment obligations under the Settlement Agreement.

DATED: July 5, 2005             **DUANE MORRIS LLP**

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)
1100 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel:    302.657.4900
**OF COUNSEL:**                 Fax:   302.657.4901

Matthew A. Taylor
James L. Beausoleil, Jr.
**DUANE MORRIS LLP**
One Liberty Place
40th Floor
Philadelphia, Pennsylvania 19103      Attorneys for Plaintiffs