**Duane Morris**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

MATT NEIDERMAN
DIRECT DIAL: 302.657.4920
E-MAIL: MNeiderman@duanemorris.com

*www.duanemorris.com*

August 3, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

    Re: **Money Centers of America, Inc., et al. v. Howard Regen., et al.
            District of Delaware, Civil No. 04 -1516 - KAJ**

Dear Judge Jordan:

    We represent Plaintiffs in the referenced action. We write to inform the Court of recent and unfortunate developments in the settlement reached between the parties that resulted in the stipulated dismissal of this action and to request the Court's intervention.

    As Your Honor may be aware, this case was dismissed by stipulation of the parties on April 28, 2005, in accordance with an agreement reached by the parties on April 21, 2005, in settlement of all claims. Pursuant to the parties' Settlement Agreement, Howard Regen and his wife, Helene Regen, jointly and severally agreed to pay Plaintiffs $58,996.49[1] within fourteen days of the execution of the parties' agreement or within seven days of receipt of a consent to an assignment of a license agreement by a third party known as the Irvine Company and an additional $26,300 on or before December 31, 2005. The Regens' business partner, Samuel Freshman, agreed to pay a total of $85,296.80 within fourteen days of the execution of the parties' Agreement or within seven days of receipt of the Irvine consent.

    On May 19, 2005, counsel for Money Centers of America delivered to counsel for Defendants a form of consent to assignment of license agreement actually drafted by the Irvine Company and which the Irvine Company was prepared to sign upon receipt of Defendants' signatures. Plaintiffs' believe that the delivery of that document satisfied their obligations under the Settlement Agreement and triggered Defendants' obligations to make the payments required by the Settlement Agreement. Because Defendants failed to make the required payments within seven days of delivery of the Irvine consent and because it appeared that Defendants were

---

[1] Howard and Helen Regen also jointly agreed to pay Plaintiffs $7,400 in satisfaction of the sanctions ordered by this Court against Mr. Regen for his bad faith litigation conduct.

DuaneMorris

The Honorable Kent A. Jordan
August 3, 2005
Page 2

dragging their feet in agreeing to and executing a final form of consent, Plaintiffs filed a Motion to Vacate Dismissal and Enforce Settlement on June 27, 2005. In their opposition to that Motion, Defendants argued primarily that no payments were yet due because the Irvine consent had not been fully executed.

On July 21, 2005, counsel for Plaintiffs delivered a fully executed version of the Irvine consent to counsel for Defendants. Thus, even accepting Defendants' arguments as to the timing of their obligation to make the payments set forth in the parties' Settlement Agreement, those payments were unquestionably due one week later, on July 28, 2005. Recognizing this fact, Defendant Samuel Freshman contacted Plaintiffs on July 27, 2005 to request wiring instructions for making a payment to Plaintiffs. Then, on July 28, 2005, Mr. Freshman wired to Plaintiffs his portion of the settlement amount, $85,296.80. However, despite having received fully executed copies of the Irvine consent, and despite repeated reminders by us, Howard and Helene Regen have failed to make the payment of $58,996.49 now due and owing under the terms of the Settlement Agreement. In fact, in response to our indication that we would seek the Court's intervention, Mr. Regen's counsel informed us that Mr. Regen was "awaiting a wire transfer" that he expects to receive by Friday or early next week, at which time he would make the payment. Mr. Regen has owed this money for months and should have had the payment ready. Instead, he offers nothing more than excuses and more delay.

Considering Mr. Regen's history of obstructionist behavior and bad faith litigation conduct in this matter, Mr. Regen's blatant disregard of his contractual obligations is especially egregious and inexcusable. Moreover, given that a fully executed Irvine consent was delivered to Mr. Regen on July 21 and given that Mr. Freshman timely paid the amounts owed by him on July 28, there can be no justifiable basis for Mr. Regen's failure to pay his portion of the settlement amount. Plaintiffs therefore respectfully request that the Court order a prompt hearing on Plaintiffs' Motion to Vacate Dismissal and Enforce Settlement Agreement, thus allowing Plaintiffs the opportunity to, among other things, seek the costs associated with their Motion and to recover interest on the outstanding payments owed by Mr. Regen.

We are available at the Court's convenience should Your Honor have any questions concerning this matter.

Respectfully,

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)

cc:   Clerk of Court (*by e-filing*)
      David L. Finger, Esquire (*by e-filing*)