# Duane Morris

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

MATT NEIDERMAN
DIRECT DIAL: 302.657.4920
E-MAIL: MNeiderman@duanemorris.com

*www.duanemorris.com*

August 16, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

Re: **Money Centers of America, Inc., et al. v. Howard Regen.,** *et al.*
**District of Delaware, Civil No. 04 -1516 - KAJ**

Dear Judge Jordan:

We represent Plaintiffs in the above-referenced action. We write to provide additional authorities in support of Plaintiffs' Motion to Vacate Dismissal and Enforce Settlement (the "Motion to Vacate Dismissal"), as Your Honor requested during the August 14, 2005 teleconference regarding this matter.

By way of background, this case was dismissed by stipulation of the parties on April 28, 2005, in accordance with and pursuant to the terms of a written agreement reached by the parties on April 21, 2005, in settlement of all claims (the "Settlement Agreement," attached as Exhibit "1" to Plaintiffs' Motion to Vacate Dismissal). After Howard and Helene Regen (collectively the "Regens") failed to make payments under the settlement agreement, as well as court-ordered sanctions, Plaintiffs filed the instant Motion to Vacate. Subsequently, Plaintiffs learned that Howard Regen is further breaching his obligations to Plaintiffs by competing with Plaintiffs' business.

Plaintiffs now respectfully request, by their Motion to Vacate Dismissal, that the Court vacate the dismissal of the action for the limited purposes of (1) entering the Settlement Agreement on the record; (2) allowing Plaintiffs to depose Howard Regen, Helene Regen and a representative of Coast ATM in October with respect to the Regens' claimed inability to pay the amounts due by them for both sanctions and the Settlement Agreement, reasons for nonpayment, and competitive activities by the Regens and Coast ATM;[1] and (3) allowing Plaintiffs to recover

---

[1] Plaintiffs further request that non-testifying witnesses must be sequestered before and after his or her deposition until the completion of all depositions.

DUANE MORRIS LLP

1100 NORTH MARKET STREET, SUITE 1200   WILMINGTON, DE 19801-1246                PHONE: 302.657.4900   FAX: 302.657.4901



The Honorable Kent A. Jordan
August 16, 2005
Page 2

the costs associated with such depositions and the Motion to Vacate Dismissal, together with interest on all outstanding amounts owed to Plaintiffs.[2]

After agreeing that jurisdiction over proceedings arising from the Settlement Agreement would lie in this Court, *see* Settlement Agreement ¶ 24, and filing an opposition and amended opposition to the Motion to Vacate Dismissal without ever raising any contest to Court's jurisdiction, the Regens, through their counsel, raised at the September 14th teleconference, for the first time, a contest to this Court's jurisdiction. Rather than streamline the proceedings, the Regens instead seek now to waste the resources of both the Court and the parties by further dragging this matter out through a separate contract action.

I.   **The Parties Manifested An Intention For This Court To Have Jurisdiction Over The Settlement Agreement**

A handful of provisions contained in the parties' Settlement Agreement bear directly on the issue currently before the Court.

First, Howard Regen and his wife, Helene Regen (collectively the "Regens"), jointly and severally, agreed to pay Plaintiffs $58,996.49 upon the occurrence of specified events. *See* Settlement Agreement ¶¶ 5(a), 5(b). It is undisputed that the time for that payment has passed and that the Regens are thus currently in default of their obligations under the Settlement Agreement.

Second, the Regens also jointly and severally agreed to pay Plaintiffs $7,400.00 in satisfaction of the sanctions this Court ordered against Mr. Regen for his bad faith litigation conduct. *See* Settlement Agreement ¶ 6(a). The Regens have also failed to satisfy this obligation.

Third, the Regens, jointly and severally, agreed to pay Plaintiffs an additional $26,300.00, together with 6% interest from the date of the Settlement Agreement,[3] on or before December 31, 2005. *See* Settlement Agreement ¶ 6(b). Through their claimed inability to pay

---

[2]   Plaintiffs would then request that the Court hold their Motion to Enforce the Settlement in abeyance until the placing of the Settlement Agreement on the record and completion of the depositions.

[3]   Plaintiffs provided the final documentation for the Settlement Agreement on July 21, 2005. Accordingly, interest began to accrue 14 days later on August 5, 2005. *See* First Amendment to Settlement Agreement, attached as Exhibit "1" to Defendants' Amended Answering Brief in Opposition to Motion to Vacate Dismissal and Enforce Settlement, filed June 28, 2005.



The Honorable Kent A. Jordan
August 16, 2005
Page 3

the settlement amount – even the first installment – the Regens are in anticipatory breach of this obligation of the agreement.

The parties' agreement also supports an award of fees and costs. The parties agreed that, in any action for breach of, or to enforce or interpret any of the provisions of the Settlement Agreement, the prevailing party "*shall* be entitled to recover from the other party reasonable attorneys' fees and court costs incurred in connection with such action, the amount of which shall be fixed by the court and made a part of any judgment rendered." Settlement Agreement ¶ 22 (emphasis added). At Your Honor's request, the Affidavit of James L. Beausoleil, Jr., attached hereto as Exhibit "1," outlines the costs and fees associated with the Motion to Vacate Dismissal that Plaintiffs have incurred as of September 13, 2005, which total $4,468.08, as well as additional anticipated costs and fees through resolution of this matter, which total $13,715.50

Finally, it is clear that all parties contemplated this Court's jurisdiction over this matter. The Settlement Agreement unmistakably provides that the "parties agree[d] that all actions and proceedings arising from [it] shall only be litigated in the courts within the State of Delaware" and that all parties "consent to the jurisdiction thereof." Settlement Agreement ¶ 24.

## II.   The Court Has Jurisdiction To Vacate Its Order Of Dismissal, Place The Settlement Agreement On The Record, And Permit Plaintiffs To Take Additional Discovery

The authority of this Court to vacate the stipulated dismissal and grant the relief Plaintiffs now seek is well established. Rule 60(b) of the Federal Rules of Civil Procedure permits this Court to relieve a party from an order for "misconduct of an adverse party," where "it is no longer equitable that the judgment should have prospective application," or where there exists "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(3), (5), and (6). Significantly, as the United States Court of Appeals for the Third Circuit noted, "<u>any time a district court enters a judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment</u> on the grounds specified in the rule." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (quotations and brackets omitted).

Plaintiffs recognize that the court in *Sawka* went on to determine that, in that case, the breach of the terms of the settlement that formed the basis of the parties' filing of a stipulation of dismissal did not alone constitute sufficiently "extraordinary circumstances" required to set the judgment of dismissal aside. *See Sawka*, 989 F.2d at 140-41. In this case, however, there exists *more* than a mere breach of a private agreement. In addition to the Regens' breaches of the Settlement Agreement, Howard Regen has *violated the Court's own Order* to pay Plaintiffs sanctions in the amount of $7,400.00 for his conduct during discovery, which the Regens agreed to as part of the parties' settlement.



The Honorable Kent A. Jordan
August 16, 2005
Page 4

    There can be no doubt that this Court can enter orders that permit it to "vindicate its authority and effectuate its decrees" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (cited by Defendants). *See also id.* at 380 (noting that courts have inherent authority to appoint counsel to investigate and prosecute violations of a court's order). Thus, the Court, can, and respectfully should, vacate the Order of dismissal to, at a minimum, allow Plaintiffs to place the terms of the Settlement on the record, enforce its own order of sanctions, and permit Plaintiffs to take depositions regarding Defendants' ability to pay and Defendants' competition with Plaintiffs in violation of the Settlement Agreement.[4]

    The Regens' reliance on *Kokkonen*, 511 U.S. 375, in which the Supreme Court reversed the Ninth Circuit's affirmance of a district court's assertion of jurisdiction to enforce a settlement agreement after a stipulated dismissal, to attack the Court's jurisdiction to entertain Plaintiffs' motion and order the relief sought, is misplaced. *Kokkonen* did not appear to address a motion to vacate an order of dismissal. Rather, in *Kokkonen*, it appears that the appellee simply filed a motion for wholesale specific enforcement of the settlement without first seeking to vacate the dismissal – or to take additional discovery. *See Kokkonen*, 511 U.S. at 377, 378.[5] In fact, the Court noted a distinction between seeking specific enforcement of the settlement agreement and the "mere[] reopening" of the dismissed suit. *See id.* at 378.[6] Accordingly, at this juncture, should the Court determine that it is necessary, Plaintiffs will seek only to reopen the case for the limited purposes noted above and request that the Court hold their Motion to Enforce Settlement in abeyance until these purposes have been accomplished.

---

[4]    *See* note 2, *supra*.

[5]    Moreover, in rendering its decision in *Kokkonen*, the Supreme Court appeared to be most concerned about limiting federal ancillary jurisdiction. As the Court reasoned, absent an action by the district court to manifest its intention to retain jurisdiction, "enforcement of the settlement is for state courts, unless there is some independent basis for jurisdiction." *Kokkonen*, 511 U.S. at 382. Here, such an independent basis exists where there exists diversity between the parties and the amount in controversy pursuant to the Settlement Agreement exceeds $75,000.00. *See* Settlement Agreement ¶¶ 5(a), 5(b), 6(a), 6(b). In addition, the parties consented to this Court's jurisdiction. *See* Settlement Agreement ¶ 24.

[6]    The Court cited *Sawka* as positing one of two conflicting views on this point. For the reasons stated above, *Sawka* is distinguishable from the instant case.


The Honorable Kent A. Jordan
August 16, 2005
Page 5

### III. The Relief Plaintiffs Seek Would Serve The Interests Of Judicial Economy

Finally, the relief Plaintiffs seek would serve the interests of judicial economy, as well as conservation of the parties' resources (resources which the Regens claim are already scarce). Should Your Honor decline to exercise jurisdiction over this matter, Plaintiffs will be forced to file a separate breach of contract action, at increased expense to all parties. If Plaintiffs must take this route, however, Plaintiffs would respectfully seek Your Honor's assistance to have the matter heard on an expedited basis and to tax the Regens with the costs of such an action, as the Regens should not be rewarded with the ability to further delay their payments to Plaintiffs.

We thank the Court for its consideration of this matter. As always, we are available at the Court's convenience should Your Honor have any questions or concerns.

Respectfully,

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)

Attachments
cc:   Clerk of Court (*by e-filing*)
      David L. Finger, Esquire (*by e-filing*)

WLM\211230.1