IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONEY CENTERS OF AMERICA, INC., )
as successor in interest by merger to )
IGAMES ENTERTAINMENT, INC., )
and )
AVAILABLE MONEY, INC., )
              Plaintiffs, )
    v. )    C.A. No. 04-CV-1516(KAJ)
HOWARD W. REGEN and COAST ATM, )    **Jury Trial Demanded**
              Defendants. )    **Injunctive Relief Requested**

COMMONWEALTH OF PENNSYLVANIA )

PHILADELPHIA COUNTY )

### AFFIDAVIT OF JAMES L. BEAUSOLEIL, JR., ESQUIRE

I, JAMES L. BEAUSOLEIL, JR., ESQUIRE, being duly sworn according to law, do hereby depose and state as follows:

1. I am a partner practicing law in the commercial litigation field at Duane Morris LLP. In my practice, among other areas, I handle a wide range of employment and contract matters involving non-compete agreements, trade secrets, and business-related torts.

2. I am an attorney admitted to practice in Pennsylvania and New Jersey. I am a graduate of Southern Connecticut State University and Vermont Law School. I am an active trial lawyer, serving as lead trial counsel in several outstanding matters.

3.   In the above-captioned action, my firm represents Plaintiffs Money Centers of America, Inc., as successor in interest by merger to iGames Entertainment, Inc., and Available Money, Inc. I have worked together in this representation with attorneys Thomas P. McGonigle, formerly of our law firm's Wilmington, Delaware office, Matthew Neiderman of our law firm's Wilmington, Delaware office, and Matthew A. Taylor, Matthew M. Ryan, and Shannon Hampton Sutherland of our law firm's Philadelphia, Pennsylvania office; and former legal assistant Dawn Marra in our Wilmington, Delaware office. In this capacity, I am the attorney primarily responsible for Plaintiffs' Motion to Vacate Dismissal and Enforce Settlement Agreement (the "Motion to Vacate Dismissal").

4.   I submit this Affidavit, at the request of the Court, in support of Plaintiffs' Motion to Vacate Dismissal in which Plaintiffs seek an order vacating the order of dismissal, placing the terms of a written agreement reached by the parties on April 21, 2005 in settlement of all claims (the "Settlement Agreement") on the record; permitting Plaintiffs to depose Howard Regen, Helene Regen, and a representative of Coast ATM regarding the Regens' financial ability to pay the court-ordered sanction of $7,400.00 against Howard Regen for his litigation misconduct and the settlement amount, reasons for non-payment, and competitive activities by the Regens and Coast ATM; awarding fees and costs associated with this motion; and subsequently enforcing the Settlement Agreement.

5. With respect to activities associated with the Motion to Vacate Dismissal, Plaintiffs have incurred attorneys' fees and costs to-date of $4,468.08. These attorneys' fees and costs consist of the following:

    (a) On June 16, 2005, I drafted a letter to opposing counsel demanding immediate cure of Howard and Helene Regens' default on payments under the Settlement Agreement. Plaintiffs incurred attorneys' fees of $462.50 for 1.25 hours of my time associated with this demand letter. In addition, Plaintiffs incurred overnight mail charges of $8.08 to send this letter to opposing counsel.

    (b) From June 21 through July 5, 2005, I corresponded with opposing counsel and co-counsel regarding the necessity of filing a motion to enforce settlement; Mr. Neiderman drafted and filed the instant Motion to Vacate Dismissal, which I reviewed and revised prior to filing; I reviewed Defendants' opposition to the motion; and I drafted and revised a reply in further support of the motion, which Mr. Neiderman edited, finalized, and filed with the Court. The attorneys' fees associated with these services total $3,322.50 for 4.0 hours of my time and 5.5 hours of Mr. Neiderman's time.

    (c) While Plaintiffs continued to seek the delinquent payment from the Regens, Plaintiffs learned that Howard Regen was competing with Plaintiffs in violation of the Settlement Agreement. On August 2 and 3, 2005, I continued to correspond with opposing counsel, my clients, and co-counsel regarding enforcing the Settlement Agreement and the

necessity for a motion for sanctions and expedited hearing. Mr. Neiderman also drafted and filed a follow-up letter to the Court regarding Plaintiffs' Motion to Vacate Dismissal, which I reviewed and revised prior to filing. I engaged in subsequent requests for payment and strategy sessions with co-counsel on August 9, 2005. The attorneys' fees associated with these services total $675.00 for 1.1 hours of my time and 0.8 hours of Mr. Neiderman's time.

6.    In addition, Plaintiffs expect to incur an additional $13,715.50 in attorneys' fees and costs associated with this motion. These estimated fees and costs include the following services:

(a)    Conference call with the Court regarding the instant motion on September 14, 2005: $148.00 for 0.4 hours of my time;

(b)    Research the Court's jurisdiction to entertain the instant motion and order the relief sought; draft, edit, and file a letter brief to the Court regarding the same and the accompanying Affidavit regarding fees and a proposed form of order: $1,285.00 for approximately 0.5 hours of my time, 1.0 hour of Mr. Neiderman's time and approximately 3.0 hours of Ms. Sutherland's time;

(c)    Review Defendants' response to Plaintiffs' letter brief to the Court; research arguments raised therein; and draft, edit, and file a reply letter brief to the Court: $822.50 for approximately 0.5 hours of my time and 2.5 hours of Ms. Sutherland's time;

(d) Conduct an investigation of the assets of Howard Regen, Helen Regen, and Coast ATM in one state each: approximately $975.00;

(e) Serve 5 subpoenas on third-party witnesses via standard service: approximately $500.00 (Esquire Deposition Services estimates that subpoena service ranges from $50.00 to $110.00 for standard service);

(f) Review documents provided by third-party witnesses: $765.00 for approximately 3.0 hours of Ms. Sutherland's time;

(g) Interview witnesses regarding Defendants' financial ability to pay, reasons for non-payment, and competitive activities with Plaintiffs; draft deposition outlines and prepare deposition exhibits for depositions of Howard Regen, Helene Regen, and a representative of Coast ATM: $1,390.00 for approximately 1.0 hour of my time and 4.0 hours of Ms. Sutherland's time;

(h) Travel to and from Delaware for depositions of Howard Regen, Helene Regen, and a representative of Coast ATM: $740.00 for approximately 2.0 hours of my time:

(i) Depose Howard Regen, Helene Regen, and a representative of Coast ATM regarding the Regens' financial ability to pay, reasons for non-payment, and competitive activities by the Regens and Coast ATM: $2,220.00 for approximately 6.0 hours of my time;

(j)     Court reporter and transcript fees for the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM: $1,650.00 (approximately 100 pages per deposition at $5.50 per page);

(k)     Video fees for the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM: $975.00 for 3 depositions at approximately $325.00 each.

(l)     Review transcripts of the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM: $765.00 for approximately 3.0 hours of Ms. Sutherland's time;

(m)     Prepare for and attend proceedings before the Court to enforce the Settlement Agreement: $1,480.00 for approximately 4.0 hours of my time.

7.     The fees Plaintiffs have incurred, and expect to incur, are, I believe, very reasonable and fair. These fees are based on an hourly rate of $370.00 for my time and that of Mr. Taylor, $335.00 for the time of Mr. Neiderman, and $255.00 for the time of Mr. Ryan and Ms. Sutherland, which rates are consistent with the generally prevailing rates for counsel in the Philadelphia, Pennsylvania area with comparable education and expertise.

8.     The additional cost estimates provided by Esquire Deposition Services and DepoNet are also, I believe, fair and reasonable and consistent with generally prevailing rates for court reporter services, deposition transcripts., video deposition services, subpoena service, and

asset investigation in the Philadelphia, Pennsylvania and Los Angeles, California areas.

I state under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

Executed:   September 16, 2005

_____
James L. Beausoleil, Jr., Esquire

SUBSCRIBED AND SWORN to before me, this 16th day of September, 2005. Witness my official hand and seal.

_____
NOTARY PUBLIC

NOTARIAL SEAL
MARVA K KIDD
Notary Public
CITY PHILADELPHIA, CNTY PHILADELPHIA
My Commission Expires Apr 14, 2008