### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC.,<br><br>      Plaintiffs,<br><br>  v.<br><br>HOWARD W. REGEN and COAST ATM,<br><br>      Defendants. | C.A. No. 04-CV-1516 (KAJ)<br><br>**Jury Trial Demanded**<br>**Injunctive Relief Requested** |

### ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of the Motion of Plaintiffs, Money Centers of America, Inc., as successor in interest by merger to iGames Entertainment, Inc. and Available Money, Inc., to Vacate Dismissal and Enforce Settlement, and any response thereto, IT IS ORDERED that the Motion be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that the Stipulation of Dismissal With Prejudice by iGames Entertainment, Inc., Available Money Inc., Howard Regen, Money Centers of America, Inc., Coast ATM Inc., iGames Entertainment, Inc. entered on April 28, 2005 be, and hereby is, VACATED and that this case be, and hereby is, re-opened;

IT IS FURTHER ORDERED that Plaintiffs shall be permitted to enter the terms of a written agreement reached by the parties on April 21, 2005, and later amended on April 28, 2005, in settlement of all claims (the "Settlement Agreement," copies of which are attached to the Motion to Vacate Dismissal as Exhibit "1" (original agreement) and as Exhibit "1" to

Defendants' Amended Opposition to the Motion to Vacate Dismissal (first amendment)) on the record;

IT IS FURTHER ORDERED that Plaintiffs shall be permitted to take the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM with respect to the financial ability of Howard and Helene Regen to pay any Court-imposed sanctions and the settlement amount pursuant to the Settlement Agreement, reasons for nonpayment, and competitive activities by Howard Regen, Helene Regen, and Coast ATM;

IT IS FURTHER ORDERED that such depositions shall take place in Wilmington, Delaware and that Howard Regen, Helen Regen, and Coast ATM shall bear the costs of their own transportation to and from, and lodging in, Delaware;

IT IS FURTHER ORDERED that during the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM that all non-testifying witnesses shall be sequestered before and after his or her deposition until the completion of all depositions;

IT IS FURTHER ORDERED that Howard Regen shall, within five (5) business days of the date of this Order, pay to Plaintiffs sanctions in the amount of $7,400.00 that this Court previously imposed for Mr. Regen's litigation conduct, together with 6% interest accruing from August 5, 2005 to the date of payment;

IT IS FURTHER ORDERED that Howard Regen, Helene Regen, and Coast ATM, jointly and severally, shall, within ten (10) business days from the date of this Order, pay Plaintiffs $58,996.49, as set forth in Paragraphs 5(a) and 5(b) of the Settlement Agreement, together with 6% interest accruing from August 5, 2005 to the date of payment, as set forth in Paragraph 6(b) of the Settlement Agreement;

IT IS FURTHER ORDERED that Howard Regen, Helene Regen, and Coast ATM, jointly and severally, shall, by December 31, 2005, pay Plaintiffs $26,300.00, together with 6% interest accruing from August 5, 2005 to the date of payment, as set forth in Paragraph 6(b) of the Settlement Agreement;

IT IS FURTHER ORDERED that Howard Regen and Helene Regen, jointly and severally, shall, within five (5) business days of the date of this Order, pay Plaintiffs' incurred costs and reasonable attorneys' fees associated with Plaintiffs' Motion to Vacate Dismissal as of September 13, 2005 in the amount of $4,468.08, as set forth in the Paragraph 5 of the Affidavit of James L. Beausoleil, Jr. dated September 16, 2005, attached as Exhibit "1" to Plaintiff's letter brief to the Court of September 16, 2005 (the "Fee Affidavit");

IT IS FURTHER ORDERED that Defendant Howard Regen and Helene Regen, jointly and severally, shall, within five (5) business days of the date of this Order, place in escrow with Plaintiffs' attorneys, Duane Morris LLP, the amount of $13,715.50 to cover Plaintiffs' anticipated costs and reasonable attorneys' fees associated with Plaintiffs' Motion to Vacate Dismissal from September 14, 2005 to the resolution of this matter, as set forth in Paragraph 6 of the Fee Affidavit..  At the conclusion of this matter, Plaintiffs' counsel shall submit to the Court a fee petition; at which time the Court will determine the amount of costs and fees to be paid to Plaintiffs' counsel.

BY THE COURT:

_____
United States District Judge