

**FINGER & SLANINA, LLC**
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

September 21, 2005

**Via e-filing and hand delivery**
The Hon. Kent A. Jordan
U.S. District Court for the District of Delaware
844 N. King St., Lock Box 10
Wilmington, DE 19801

      Re    **Money Centers of America, Inc.,** *et al.* **v. Howard Regen**,
            C.A. No. 04-1516-KAJ

Dear Judge Jordan:

      This letter responds to plaintiffs' letter to the Court dated August 16, 2005. As Your Honor will recall, this action was dismissed pursuant to a Stipulation of Dismissal with Prejudice filed with the Court dated April 28, 2005 (the "Stipulation"), which states in its entirety:

> IT IS HEREBY STIPULATED, this 29th day of April, 2005, by and between the parties to this action, through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), that this action shall be, and is hereby, DISMISSED WITH PREJUDICE, with each side to bear its own costs.

(D.I. 48). The Stipulation was not presented to the Court for entry as an Order and became effective on its own upon filing. *See* **In re W. Tex. Mktg. Corp.**, 12 F.3d 497, 501 (5th Cir. 1994) ("when the parties voluntarily agreed to a dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii)...any further actions by the court were superfluous"); **U.S. v. Altman**, 750 F.2d 684, 696-97 (8th Cir. 1984) (entry of stipulated dismissal is effective immediately and does not require court approval). The settlement agreement between the parties was not filed with the Stipulation and was not referred to in the Stipulation.

      At the time Howard Regen entered into the settlement agreement with plaintiffs, he expected to be able to pay the amounts due thereunder from funds received from investors in connection with a business venture. Unfortunately, those investors did not make the investment, and Mr. Regen has stated that he lacks the funds to pay. Mr. Regen, however, is optimistic about obtaining new investors, and expects to be able to pay what is owed, along with interest, by the end of the year.

The Hon. Kent A. Jordan
September 18, 2005
2

On June 22, 2005, plaintiffs filed a Motion to Vacate Dismissal and Enforce Settlement Agreement (the "Motion"). The remedy requested in the Motion was "vacating dismissal of this action for the limited purpose of directing Howard Regen and other Paying Parties to make all payments required under Section 5 and 6 of the Settlement Agreement, together will all costs incurred by Plaintiffs in connection with this Motion." (D.I. 49 at 6).

At the time they filed the Motion, plaintiffs had not fulfilled the conditions precedent to payment set forth in the Settlement Agreement, and so the motion was premature. Recently, however, such conditions have been essentially fulfilled.

In plaintiffs' latest submission (D.I. 56), plaintiffs ask that the Court hold their original Motion in abeyance, and now ask for new relief, *i.e.*, that the Court to "vacate the dismissal of the action for the limited purposes of (1) entering the Settlement Agreement on the record; (2) allowing Plaintiffs to depose Howard Regen, Helen Regan and a representative of Coast ATM in October with respect to the Regens' claimed inability to pay the amounts due by them for both sanctions and the Settlement Agreement, reasons for nonpayment and competitive activities by the Regens and Coast ATM; and (3) allowing Plaintiffs to recover the costs associated with such depositions and the Motion to Vacate Dismissal, together with interest on all outstanding amounts owed to Plaintiffs." (**Id.** at 1-2 & n.2).

Thus, plaintiffs are asking this Court to re-open an action that has been dismissed with prejudice, not for the purpose of placing the case back on track for trial, but to assist them in collecting a new contractual debt and to obtain depositions in aid of a potential new cause of action. Not surprisingly, plaintiffs have not offered any case precedent supporting its request.

It should be noted that there is no allegation that any party to the settlement agreement other than Howard Regen has failed to fulfill any obligations under the settlement agreement.

As demonstrated herein, as this matter was dismissed by stipulation, with no judicial involvement, this Court lacks jurisdiction over the parties to address any issue regarding collection of the settlement amounts.

I.   **THIS COURT LACKS SUBJECT MATTER JURISDICTION TO ADDRESS EFFORTS TO COLLECT ANY AMOUNTS DUE UNDER A SETTLEMENT AGREEMENT, AS THE ACTION HAS BEEN DISMISSED WITH PREJUDICE BY STIPULATION OF THE PARTIES.**

In **Kokkonen v. Guardian Life Ins. Co. of America**, 511 U.S. 375 (1994), the parties executed and filed a stipulation and order of settlement pursuant to Fed. R. Civ. P. 41(a)(1)(ii). In that case, unlike here, the Judge signed the Order, which did not reserve jurisdiction in the District Court to enforce the settlement agreement, and did not even refer to the settlement agreement. **Id.** at 377.

The Hon. Kent A. Jordan
September 18, 2005
3

        After a dispute arose between the parties relating to the settlement, the petitioner filed a motion asking the District Court to enforce the settlement agreement. The District Court granted the motion, claiming that it had inherent power to do so. **Id.**

        The Supreme Court stated that "Neither the Rule [41(a)(1)(ii)] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." **Id.** at 378. The Court went on to hold that "[e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." **Id.**

        In **In re Phar-Mor, Inc. Securities Litigation**, 172 F.3d 270 (3rd Cir. 1999), the Third Circuit held that "under **Kokkonen**, unexpressed intent is insufficient to confer subject matter jurisdiction. **Id.** at 275. ***See also* Shaffer v. GTE North, Inc.**, 284 F.3d 500, 504 (3rd Cir. 2002). The Stipulation does not suggest that the parties intended this Court to retain jurisdiction.[1]

        Plaintiffs are not seeking to "revive[] the underlying claim and send[] the litigants back to the original battlefield...," *id.* at 503. Rather, they are seeking a limited re-opening of the record to assist them with collecting amounts owed under the settlement agreement. As such, plaintiffs' novel Motion falls under **Kokkonen** and its progeny, and places the Motion outside the jurisdiction of this Court.

        Even if the Court were to conclude that there is some jurisdictional basis to hear this dispute, it is nonetheless in a procedurally improper form. Since **Kokkonen**, courts have held that, where an action has been dismissed with prejudice, a motion to enforce the settlement in the dismissed case is not the proper vehicle for such relief. "[T]he proper vehicle to exercise that jurisdiction would not be the pending motion [to enforce the settlement], but instead a separate action to enforce settlement...." **In re Nazi Era Cases Against German Defendants Litigation**, 213 F.Supp.2d 439, 450 (D.N.J. 2002). ***See also* Jessup v. Luther**, 277 F.3d 926, 929 (7th Cir. 2002) ("once a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind the dismissal...The settlement is just another contract to be enforced in the usual way, that is, by a fresh suit"). As such, plainitffs' remedy is to institute a separate action.

---

[1]         Plaintiffs' suggestion that Mr. Regen agreed to jurisdiction in this Court regarding any claim arising from the settlement agreement is wide of the mark. Mr. Regen agreed to Delaware as a forum, but not to a specific court. Moreover, it is fundamental that subject matter jurisdiction cannot be conferred by contract. **Gosa v. Mayden**, 413 U.S. 665, 707 (1973).

The Hon. Kent A. Jordan
September 18, 2005
4

II.  **FEDERAL RULE OF CIVIL PROCEDURE 60(B) DOES NOT PROVIDE A BASIS FOR THIS COURT TO TAKE COGNIZANCE OF THIS DISPUTE.**

Plaintiffs argue that this Court can address their motion by interpreting it as one brought pursuant to Red. R. Civ. P. 60(b). Assuming that Rule 60(b), which applies where relief is sought from "a final judgment, order or proceeding," is applicable to a stipulated dismissal which neither required nor involved any judicial action, the Motion does not provide a basis for invocation for relief under that rule

As to Rule 60(b)(3), pertaining to fraud, the Motion does not state with particularity the claimed fraud, as is required. **Girard Trust Bank v. Martin**, 557 F.2d, 386, 390 (3rd Cir.), *cert. denied*, 434 U.S. 985 (1977).

As to Rule 60(b)(5), there was no judgment to satisfy, release or discharge, and the dismissal did not have prospective application. *See* **Coltec Industries, Inc. v. Hobgood**, 280 F.3d 262, 272 (3rd Cir.), *cert. denied*, 537 U.S. 947 (2002) ("dismissals with prejudice are not prospective within the meaning of Rule 60(b)(5)").

Finally, as to Rule 60(b)(6), breach of a settlement agreement does not justify relief under this provision. **Sawka v. Healtheast, Inc.**, 989 F.2d 138, 140 (3rd Cir. 1993).

III.  **THE COURT MAY NOT ASSERT JURISDICTION TO PUNISH A VIOLATION OF COURT-IMPOSED SANCTIONS.**

Plaintiffs suggest that the Court retains authority to re-open the case to permit investigation of a violation of the Court's Order imposing sanctions against Mr. Regen in connection with his deposition.

In **Gompers v. Buck's Stove & Range Company**, 221 U.S. 418 (1911), the Supreme Court ruled that a proceeding for civil contempt, which would result in a fine, had to be dismissed where there had been a complete settlement between the parties of all the matters involved in the underlying action. **Id.** at 501-02. *Accord* **Pacific Gamble Robinson Co. v. Minneapolis & St. Louis Ry. Co.**, 92 F.Supp. 352, 354 (D. Minn. 1950) ("[t]he nature of a civil contempt proceeding must be recognized. It is a part of the main action....If...the main action is dismissed or is unsustainable, any civil contempt proceedings may fall"). However, a separate, independent action for criminal contempt may be initiated, if warranted. *See* **Kokkonen**, 511 U.S. at 380. As such, the possible civil violation of the Court's sanction award does not give this Court a basis for entertaining plaintiffs' motion.

The Hon. Kent A. Jordan
September 18, 2005
5

IV.     **THE RELIEF SOUGHT BY PLAINTIFFS IS IMPROPER.**

Finally, even if notwithstanding the foregoing, the Court determines that it may assume jurisdiction over plaintiffs' Motion in this procedural context, the relief sought by plaintiffs is excessive.

Initially, it should be re-emphasized that there is no allegation that any signatory to the settlement agreement other than Mr. Regen is in default. Nonetheless, plaintiffs seek remedies against people other than Mr. Regen. For example, plaintiffs are asking that the Court compel a representative of Coast ATM to come to Delaware from California to submit to a video deposition, and pay plaintiffs for the privilege.[2]

Moreover, plaintiffs are seeking to unilaterally modify the Stipulation, and turn it from a dismissal into a judgment.

Mr. Regen is not refusing pay plaintiffs. He simply needs some additional time to obtain the necessary funds. He has advised plaintiffs that he is willing to pay interest on the amount due.

For these reasons, Mr. Regen respectfully requests that the Court decline to assume jurisdiction over plaintiffs' Motion.

Respectfully,

David L. Finger
(Bar ID #2556)

cc:    Clerk of the Court (via CM/ECF)
       Matt Neiderman, Esq. (via CM/ECF)

---

[2] Plaintiffs claim that part of the depositions would be to investigate competitive activities by Mr. Regen and Coast ATM. Plaintiffs give no indication of what the alleged competitive activities are, so that Mr. Regen could respond in this letter. The Court should not accept plaintiffs' conclusory accusation, and should not permit any discovery that is a mere fishing expedition.