# DuaneMorris

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

MATT NEIDERMAN
DIRECT DIAL: 302.657.4920
E-MAIL: MNeiderman@duanemorris.com

*www.duanemorris.com*

September 27, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

   Re: **Money Centers of America, Inc., et al. v. Howard Regen.,** *et al.*
      **District of Delaware, Civil No. 04 -1516 - KAJ**

Dear Judge Jordan:

  This will serve as Plaintiffs' reply in further support of their letter brief dated September 16, 2005 and in opposition to Defendants' letter brief dated September 21, 2005. Plaintiffs respectfully submit that, for the reasons set forth in their Motion to Vacate Dismissal and their September 16 letter brief, the Court has jurisdiction to grant the relief sought by Plaintiffs pursuant to Federal Rule of Civil Procedure 60(b). Although Plaintiffs largely rest on the points and authorities set forth in their Motion to Vacate and in their letter brief, two points raised by Defendants in their September 21 letter brief warrant brief discussion.

  First, Defendants' opposition to Plaintiffs' Motion to Vacate appears to be based on a fundamental misunderstanding of the scope of relief sought by Plaintiffs, as clarified in Plaintiffs' September 16 letter brief. Plaintiffs have requested that the Court vacate the dismissal to allow them to essentially reopen the record and investigate new developments in the case; *i.e.*, to depose the Regens about their purported inability to pay and about their latest breaches of their contractual obligations as a result of their continued competition with Plaintiffs in at least one ATM location. Given that the dismissal of this action was premised on a settlement agreement the Regens concede they have breached, and given Mr. Regen's past litigation conduct[1], such relief would serve the interests of justice and is thus well within the Court's jurisdiction under Rule 60(b)(6). *See Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) ("In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified,

---

[1] It must also be noted that a portion of the settlement amount owed by the Regens represents a sanction imposed by the Court for Mr. Regen's litigation conduct, which was incorporated into and made part of the parties' Settlement Agreement.

DUANE MORRIS LLP

1100 NORTH MARKET STREET, SUITE 1200 WILMINGTON, DE 19801-1246  PHONE: 302.657.4900 FAX: 302.657.4901

DuaneMorris

The Honorable Kent A. Jordan
September 27, 2005
Page 2

vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."); *Kelly v. Greer*, 334 F.2d 434, 437 (3d Cir. 1964) (same).

Defendants' opposition also attempts to advance another fundamental misunderstanding -- the erroneous notion that there is "no allegation that any party to the settlement agreement other than Howard Regen has failed to fulfill any obligations under the settlement agreement." (Defendants' Sept. 21 Letter Brief at 2). This is simply not so. As Plaintiffs pointed out during the teleconference with the Court and in their September 16 letter brief, Helene Regen is jointly and severally liable along with Howard Regen for payment of the settlement amount, and Plaintiffs have also recently obtained information which suggests that the Regens, through Coast ATM, are continuing to compete with Plaintiffs in violation of their Non-competition Agreements and the Settlement Agreement. Plaintiffs should be entitled to reopen and develop the record on these discrete points.

In sum, Plaintiffs respectfully request that the Court grant Plaintiffs the relief requested in their Motion to Vacate, as clarified in Plaintiffs' September 16 letter brief to the Court.

Respectfully,

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)

MN/sb
cc:     Clerk of Court (*by e-filing*)
        David L. Finger, Esquire (*by e-filing*)

WLM\211386.1