IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to iGames Entertainment, Inc. and AVAILABLE MONEY INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>HOWARD REGEN and COAST ATM INC.,<br><br>    Defendants. | Civil Action No. 04-1516-KAJ |

## MEMORANDUM ORDER

### I. INTRODUCTION

Before me is a Motion to Vacate Dismissal and Enforce Settlement Agreement (Docket Item ["D.I."] 49, the Motion) filed by Plaintiffs Money Centers of America, Inc. and Available Money, Inc. (collectively, "Money Centers"). Defendants Howard Regen and Coast ATM (collectively, "Defendants") argue the court lacks subject matter jurisdiction to rule on the Motion. For the reasons that follow, I conclude that I do have jurisdiction and that the Motion has merit. I will therefore vacate dismissal for the limited purposes requested by Money Centers, as described below.

### II. BACKGROUND

The parties dismissed this case by stipulation on April 28, 2005, based on a written agreement reached by the parties in settlement of all claims (the "Agreement"). (D.I. 56 at 1.) The Agreement was not made a part of the order dismissing the case, and this court did not specifically reserve jurisdiction to deal with the Agreement.

However, Howard and Helene Regen, who were jointly and severally liable on the debts owed to Money Centers, failed to make timely payments to Money Centers in accordance with the Agreement. (*Id.*) Furthermore, Money Centers alleges that Howard Regen, through Coast ATM, has begun competing with Money Centers, in violation of the Agreement. (*Id.*)

Money Centers of America, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Pennsylvania. (D.I. 15 at ¶ 4.) Available Money, Inc. is a corporation organized under the laws of Nevada, with its principal place of business in Pennsylvania. (*Id.* at ¶ 5.) Howard Regen resides in California, and Coast ATM is a corporation organized under the laws of California with its principal place of business in California. (*Id.* at ¶¶ 8-10.) There is over $75,000 in controversy in the pending motion. (D.I. 56 at 2-3.)

On March 17, 2005, Money Centers moved for sanctions against Howard Regen, citing Mr. Regen's conduct during his deposition and discovery. (D.I. 38.) I granted that motion for sanctions on March 11, 2005. (D.I. 40 at 176:6-178:6.)

In the present motion, Money Centers is not simply asking me to vacate dismissal and enforce the Agreement. Instead, Money Centers requests that I vacate dismissal and reopen this case for the purposes of: (1) entering the Agreement on the Record; (2) allowing Money Centers to depose Howard Regen, Helene Regen, and a representative of Coast ATM in Delaware; and (3) allowing Money Centers to recover its costs and reasonable attorney's fees in preparing this motion and in resolution of this case. (D.I. 56 at 1-2.)

III. **DISCUSSION**

    A.    Subject Matter Jurisdiction

A district court has subject matter jurisdiction to enforce the terms of the settlement agreement where it "embod[ied] the settlement contract in its dismissal order or, . . . retain[ed] jurisdiction over the settlement contract [or, where there is] some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 381-82 (1994); *accord Parks v. Commonwealth of Pennsylvania*, 1996 WL 479658, *1 (E.D.Pa. 1996).

Here, there is an independent basis for jurisdiction, as there is diversity between the parties. Money Centers, Inc. is a citizen of Delaware and Pennsylvania for purposes of the jurisdictional statute, 28 U.S.C. § 1332(c)(1). (*Cf.* D.I. 15 at ¶ 4.) Available Money, Inc., is a citizen of Nevada and Pennsylvania. (*Cf. id.* at ¶ 5). Howard Regen is a citizen of California. (*Id.* at ¶ 8.) Coast ATM, Inc., is a citizen of California for purposes of the jurisdictional statute. (*Cf. id.* at ¶ 10.) Additionally, there is more than $75,000 in controversy. (D.I. 56 at 2-3.) Therefore, I have subject matter jurisdiction over this case under *Kokkonen*, as diversity of citizenship exists between the parties.[1]

---

[1] Defendants claim that, under *Kokkonen*, I do not have subject matter jurisdiction to hear this Motion. In *Kokkonen*, the parties settled their claims, and the court dismissed the case without reserving jurisdiction to enforce the settlement agreement. *Kokkonen*, 511 U.S. at 376-77. The Supreme Court held that the district court lacked jurisdiction to enforce the settlement agreement, finding that the "judge's mere awareness and approval of the terms of the settlement agreement" was not enough to give the district court subject matter jurisdiction. However, as was stated above, the Court in *Kokkonen* recognized that where, as here, there is an independent basis for jurisdiction, or where jurisdiction is necessary to vindicate district court authority, a district court does have jurisdiction to enforce a settlement agreement.

Additionally, a district court has ancillary jurisdiction over a matter where it is necessary to "protect its proceedings and vindicate its authority." *Kokkonen*, 511 U.S. at 380. Here, in violating the terms of the Agreement, Mr. Regen has also violated my March 11, 2005 order for sanctions based on his litigation misconduct. Because Mr. Regen has violated that order, it is within my jurisdiction to enforce those sanctions against Mr. Regen under *Kokkonen*.

B.  Motion to Vacate Dismissal and Enforce Settlement

Money Centers has requested various forms of relief. In the Motion, Money Centers asked that I order Defendants to make the payments associated with the Agreement and compensate Money Centers for the costs of making the Motion. (D.I. 49 at ¶ 12.) However, in its September 16, 2005, letter to the court, Money Centers modified somewhat its request for relief. (D.I. 56 at 1-2.) In that letter, Money Centers asked that I reopen the case for the limited purposes described above. (*Id.*)

It appears to be more appropriate to reopen the case for the limited purposes requested by Money Centers in its letter of September 16th. In *Kokkonen*, the Supreme Court noted that there is a difference between "enforcement of the settlement agreement . . . [and] reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." *Kokkonen*, 511 U.S. at 378. Indeed, the Court recognized that "some Courts of Appeals have held that [a suit could be reopened] under Federal Rule of Civil Procedure 60(b)(6)." *Id.* Although the Third Circuit in *Sawka v. Healtheast, Inc.*, 989 F.2d 138 (3d Cir. 1993) held that a judgment of dismissal could not be set aside under Rule 60(b)(6) simply because the settlement

4

agreement was breached, it held that such relief could be "granted under extraordinary circumstances." *Sawka*, 989 F.2d at 140. Here, such extraordinary circumstances exist, as Mr. Regen has violated not only the terms of the Agreement but also an express order for sanctions based on his previous contumacious litigation conduct. Therefore, the judgment of dismissal will be set aside, and the case will be reopened for certain of the purposes requested by Money Centers in its September 16, 2005 letter.

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion is GRANTED to the extent that:

   1. The April 28, 2005 Stipulation of Dismissal Without Prejudice is VACATED.

   2. This case is REOPENED for the limited purposes of

   a. Entering the Settlement Agreement on the Record;

   b. Allowing Money Centers to take the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM with respect to assets available to satisfy the obligations of the Agreement. Depositions of the Defendants shall take place in Wilmington, Delaware, and those parties shall bear all reasonable costs associated with such depositions.

3. The Defendants, jointly and severally, shall be responsible for Plaintiff's costs and reasonable attorney's fees associated with preparing the Motion, and all submissions and argument associated with the Motion.

                                                                        */s/ Kent A. Jordan*
                                                                      UNITED STATES DISTRICT JUDGE

October 17, 2005
Wilmington, Delaware