IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD W. REGEN and COAST ATM, <br><br> Defendants. | C.A. No. 04-CV-1516 (KAJ) |

**MOTION OF DEFENDANT COAST ATM, INC (1) FOR RECONSIDERATION OR, ALTERNATIVELY, TO ALTER OR AMEND THE JUDGMENT, (2) FOR A PROTECTIVE ORDER REGARDING DEPOSITIONS, AND (3) FOR A STAY PENDING APPEAL**

Defendant Coast ATM, Inc. ("Coast") hereby moves (i) pursuant to D. Del. Local Rule 7.1.5, for reargument of the Court's October 17, 2005 Memorandum Order (D.I. 59), or, in the alternative, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the judgment, (ii) pursuant to Fed. R. Civ. P. 26(c) and D. Del. Local Rule 30.2, for a protective order as to the timing and location of the deposition of Coast, and (iii) pursuant to Fed. R. App. P. 8, for a stay pending appeal. In support of this motion, Coast states as follows:

1. Coast does not seek reconsideration or other relief regarding the Court's decision to re-open the case (except to the extent that the plaintiffs seek substantive relief beyond enforcing the settlement agreement, since Coast has filed a motion asserting a lack of personal jurisdiction over it as to the underlying claim). (D.I. 43). Coast, however, objects to the Court finding Coast jointly and severally liable for plaintiffs' fees and costs in

connection with its recent motion to reopen, and the requirement that Coast come to Delaware for a deposition and pay the costs associated therewith.[1] As conceded by defendants in their September 21, 2005 letter to the Court (D.I. 57), Coast does not owe any money under the settlement agreement. Moreover, Coast has not been sanctioned by the Court[2] and has not acted in bad fath.

      3.      Plaintiffs originally brought their Motion to Vacate Dismissal and Enforce Settlement Agreement ("Motion to Vacate," D.I. 49) for the purpose of compelling the "Paying Parties" (defined therein as being only Samuel Freshman, Howard Regen and Helen Regen) to pay amounts owed under the settlement agreement. (**Id.** at 3 ¶4, 6).[3] There was no suggestion that Coast had not fulfilled its obligations under the settlement agreement.

---

[1] Coast does not object to being deposed. Its objection is limited to be compelled to come to Delaware and having to pay plaintiffs' costs and fees in connection with any deposition. Coast is willing to be deposed in California.

[2] The Court relied on the sanction against Mr. Regen as a basis for finding "extraordinary circumstances" under Fed. R. Civ. P. 60(b)(6). (D.I. 59 at 5). As a matter of law, this seems questionable since the Court retains jurisdiction over Mr. Regen to enforce the sanction post-dismissal independently of any motion to enforce the settlement. **Perkins v. General Motors Corp.**, 965 F.2d 597, 599 (8th Cir.), **cert. denied**, 506 U.S. 1020 (1992). As such, granting the plaintiffs' motion was not necessary to vindicate the Court's authority. In any event, the sanction was against Mr. Regen, not Coast, and so it is not just to use Mr. Regen's sanction against Coast, particularly in the absence of any evidence that Mr. Regen owns or controls Coast (which he does not), or that he serves as an officer, director, agent or employee of Coast (which he does not).

[3] Plaintiffs' motion was premature when brought, as plaintiffs had not fulfilled express conditions precedent to payment. During the pendency of the motion, however, plaintiffs substantially fulfilled the outstanding condition precedent.

4.      The only reference to Coast was in one sentence in which plaintiffs stated that they sought "sanctions against Coast ATM and Howard Regen for their bad faith attempts to forestall payment on the Settlement." (**Id.** at 5 ¶12).  However, plaintiffs offered neither explanation nor evidence of any bad faith conduct by Coast, or how Coast somehow caused or participated in Mr. Regen's failure to pay.  A mere general accusation in a motion, without specifics or evidence, is not sufficient.

5.      Similarly, in plaintiffs' letter to the Court dated August 3, 2004 (D.I. 53), plaintiffs do not discuss Coast, nor do they explain how Coast is allegedly acting in bad faith.

6.      In the Court's ruling granting plaintiffs' motion for a temporary restraining order, the Court sanctioned Howard Regen for his conduct at his deposition, and required him to pay plaintiffs' costs and fees in connection therewith, and to appear in Delaware for any future deposition.  (*See* D.I. 37, 45).  However, the Court has never held that Coast has acted in bad faith or engaged in other sanctionable conduct.  Nor was there any finding (or reason to find) that the defendants' defense to the Motion to Vacate was frivolous or asserted in bad faith.[4]

7.      The Court appeared to have granted the Motion to Vacate based upon Fed. R. Civ. P. 60(b).  D.I. 59 at 4-5.  However, Rule 60 does not provide authorization for an award of attorneys' fees.  **Adduono v. World Hockey Ass'n**, 824 F.2d 617, 620 (8th Cir.

---

[4]    Even if the defendants were incorrect in their assertion that there is no basis for subject matter jurisdiction over the motion to re-open, defendants cited precedent (including from the District of New Jersey, in this Circuit) stating that the procedurally proper method is to file a separate action, not a motion to re-open. (D.I. 57 at 3).  These existing precedents preclude any finding of frivolousness or bad faith in connection with opposing plaintiffs' Motion to Vacate.

1987); **U.S. v. One Hundred Thousan Nine Hundred Eighty Dollars**, 680 F.2d 106, 107 (11th Cir. 1982).

8.     Of course, the Court has inherent authority to awards fees and costs as a sanction for bad faith conduct. However, the Court must comply with the mandates of due process, both in determining whether the requisite bad faith supporting a sanction exists, and in assessing attorneys' fees. **Chambers v. NASCO, Inc.**, 501 U.S. 32, 51 (1991).

9.     Plaintiffs did not offer one shred of evidence to support their conclusory assertions that (i) Coast acted in concert with Mr. Regen regarding his non-payment of settlement sums, and (ii) Coast engaged in improper competitive activity. In the absence of any evidence of bad faith on the part of Coast, or any opportunity to confront or respond to evidence, and with no explanation of how the sanction is appropriate, lumping in Coast with the other defendants is improper, unfair and a denial of due process.

10.    To the extent that the Court disagrees with Coast on these points, Coast requests that the Court stay its ruling as to Coast, and any deposition notice issued to Coast by plaintiffs, to permit Coast to appeal the ruling to the Third Circuit. Absent a stay, Coast will be denied any opportunity for appellate review, since the deposition will go forward in Delaware and there will be no ability to reverse that action.

WHEREFORE, for the foregoing reasons, defendant Coast ATM, Inc., respectfully requests that the Court reconsider its ruling as to Coast, or, alternatively, stay its ruling to permit Coast to appeal the issue to the Third Circuit.

        Respectfully submitted,

        /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant Coast ATM, Inc.

Dated: October 24, 2005

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 24th day of October, 2005, I caused a copy of the foregoing document to be served via CM/ECF on the below-listed counsel of record:

>Matt Neiderman, Esq.
>Duane Morris LLP
>1100 N. Market St., 12th floor
>Wilmington, DE 19801

>/s/ David L. Finger
>David L. Finger (DE Bar ID #2556)
>Finger & Slanina, LLC
>One Commerce Center
>1201 Orange Street, Suite 725
>Wilmington, DE 19801-1155
>(302) 884-6766