IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGAMES ENTERTAINMENT, INC., and AVAILABLE MONEY, INC., <br><br>Plaintiffs, <br><br>v. <br><br>HOWARD W. REGEN and COAST ATM, <br><br>Defendants. | C.A. No. 04-CV-1516 (KAJ) |

**MOTION OF HOWARD REGEN AND HELEN REGEN (1) FOR RECONSIDERATION OR, ALTERNATIVELY, TO ALTER OR AMEND THE JUDGMENT, (2) FOR A PROTECTIVE ORDER REGARDING DEPOSITIONS, AND (3) FOR A STAY PENDING APPEAL**

Howard and Helen Regen hereby move (i) pursuant to D. Del. Local Rule 7.1.5, for reargument of the Court's October 17, 2005 Memorandum Order (D.I. 59), or, in the alternative, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the judgment, (ii) pursuant to Fed. R. Civ. P. 26(c) and D. Del. Local Rule 30.2, for a protective order as to the timing and location of the deposition of Coast, and (iii) pursuant to Fed. R. App. P. 8, for a stay pending appeal, and in support thereof state as follows:

1.    As to re-opening the action, the Court relied on the sanction against Mr. Regen as a basis for finding "extraordinary circumstances" under Fed. R. Civ. P. 60(b)(6). (D.I. 59 at 5). However, since the Court retains jurisdiction over Mr. Regen to enforce the sanction post-dismissal independently of any motion to enforce the settlement, **Perkins v. General Motors Corp.**, 965 F.2d 597, 599 (8th Cir.), *cert. denied*, 506 U.S. 1020 (1992),

granting the plaintiffs' motion was not necessary to vindicate the Court's authority. It should be noted that the sanction was not issued in this action, but in a separate action, C.A. No. 04-CV-859. In any event, the sanction was against Mr. Regen, not Mrs. Regen, and so it is not just to use Mr. Regen's sanction against Mrs. Regen (who is not even a party to this action).

    2.    As to requiring depositions in Delaware, Mr. Regen's doctor has instructed him not to fly because of a heart condition and his medication regimen. A copy of a note from his doctor is attached hereto as Exhibit A. As such, the ruling should be amended to permit the depositions to occur in California (Mr. Regen understands that he will have to assume the travel cost involved). Moreover, as Mrs. Regen is not a party to this action, and as there has been no finding of bad faith or wrongful conduct by her, it is improper to require her to come to Delaware for her deposition, especially since her deposition can occur the same day as Mr. Regen's deposition in California.

    3.    As to imposing upon the Regens the obligation to pay plaintiffs' legal fees in connection with the Motion to Vacate and the execution discovery depositions, the Regens submit that the imposition of such sanctions is inappropriate in the absence of any finding of wrongful conduct. While the Court has inherent authority to awards fees and costs as a sanction for bad faith conduct, the Court must comply with the mandates of due process, both in determining whether the requisite bad faith supporting a sanction exists, and in assessing attorneys' fees. **Chambers v. NASCO, Inc.**, 501 U.S. 32, 51 (1991). Such was not done here. For example:

    a.    To the extent that the sanction is based on Howard Regen's failure to pay the initial sanction, there has been no evidence or finding that the failure to pay has been

intentional or avoided in bad faith. Moreover, such sanction applied only to Howard Regen, and not to Helen Regen.

      b.      As to the failure to pay the settlement amount, that settlement is a contract, not a court order. Indeed, the Court has not entered an Order compelling payment, and there has not been any finding of contempt of a court Order. Nor has the Court taken evidence or issued findings that the failure to pay has been intentional or in bad faith.

      c.      To the extent that the sanction is in response to the opposition to the Motion to Vacate, there has not been any finding that the defendants' arguments were made frivolously or in bad faith. Indeed, even if defendants' were incorrect on the issue of the Court's jurisdiction, defendants cited precedent (including from the District of New Jersey, in this Circuit) stating that the procedurally proper method is to file a separate action, not a motion to re-open. (D.I. 57 at 3). These existing precedents preclude any finding of frivolousness or bad faith in connection with opposing plaintiffs' Motion to Vacate.

      d.      To the extent that the Court relies on Fed. R. Civ. P. 60(b), which the Court cited as a basis for re-opening the record, Rule 60 does not provide authorization for an award of attorneys' fees. **Adduono v. World Hockey Ass'n**, 824 F.2d 617, 620 (8th Cir. 1987); **U.S. v. One Hundred Thousan Nine Hundred Eighty Dollars**, 680 F.2d 106, 107 (11th Cir. 1982).

      e.      Finally, to the extent that the imposition of costs and fees is somehow tied to the allegation that Howard Regen is unlawfully acting in competition with plaintiffs, there is not one shred of evidence to support this naked assertion, which is devoid of any specifics.

4. To the extent that the Court disagrees with the Regens on these points, the Regens request that the Court stay its ruling, and any deposition notice issued to the Regens by plaintiffs, to permit the Regens to appeal the ruling to the Third Circuit. Absent a stay, the Regens will be denied any opportunity for appellate review, since the deposition will go forward in Delaware (placing Mr. Regen in danger of further sanctions as he cannot come to Delaware) and there will be no ability to reverse that action.

WHEREFORE, for the foregoing reasons, defendant Coast ATM, Inc., respectfully requests that the Court reconsider or amend its ruling as to the Regens, or, alternatively, stay its ruling to permit the Regens to appeal the issue to the Third Circuit.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant Howard Regen and Helen Regen

Dated: October 27, 2005

**CERTIFICATE OF SERVICE**

  I, David L. Finger, hereby certify that on this 27th day of October, 2005, I caused a copy of the foregoing document to be served via CM/ECF on the below-listed counsel of record:

    Matt Neiderman, Esq.
    Duane Morris LLP
    1100 N. Market St., 12th floor
    Wilmington, DE 19801

    /s/ David L. Finger
    David L. Finger (DE Bar ID #2556)
    Finger & Slanina, LLC
    One Commerce Center
    1201 Orange Street, Suite 725
    Wilmington, DE 19801-1155
    (302) 884-6766