## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____
                                          )
MONEY CENTERS OF AMERICA, INC.,           )
as successor in interest by merger to     )
IGAMES ENTERTAINMENT, INC.,               )
and                                       )
AVAILABLE MONEY, INC.,                    )
                                          )
          Plaintiffs,                     )
                                          )
     v.                                   )        C.A. No. 04-CV-1516 (KAJ)
                                          )
HOWARD W. REGEN and COAST ATM,            )        **Jury Trial Demanded**
                                          )        **Injunctive Relief Requested**
          Defendants.                     )
_____)

### ANSWERING BRIEF OF PLAINTIFFS, MONEY CENTERS OF AMERICA, INC., AS SUCCESSOR IN INTEREST BY MERGER TO IGAMES ENTERTAINMENT, INC., AND AVAILABLE MONEY, INC., TO THE MOTIONS OF COAST ATM, INC., HOWARD REGEN, AND HELENE REGEN FOR (1) RECONSIDERATION OR, ALTERNATIVELY, TO ALTER OR AMEND THE JUDGMENT, (2) A PROTECTIVE ORDER REGARDING DEPOSITIONS, AND (3) A STAY PENDING APPEAL

DATED:  November 14, 2005

**DUANE MORRIS LLP**
Matt Neiderman (Del. I.D. No. 4018)
1100 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel:    302.657.4900
Fax:    302.657.4901

**OF COUNSEL:**

Matthew A. Taylor
James L. Beausoleil, Jr.
**DUANE MORRIS LLP**
30 South 17th Street
6th Floor
Philadelphia, Pennsylvania 19103

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...........................................................................ii

NATURE AND STAGE OF THE PROCEEDING .......................................... 1

SUMMARY OF THE ARGUMENT ............................................................. 2

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY.................. 5

ARGUMENT ............................................................................................ 15

I.     THE MOTIONS FOR A PROTECTIVE ORDER OR FOR
       AMENDMENT OF THE COURT'S ORDER REGARDING THE
       TIMING AND LOCATION OF DEPOSITIONS ARE MOOT. ......... 15

II.    THE MOTIONS FOR RECONSIDERATION ARE NOTHING MORE
       THAN AN IMPROPER REHASHING OF ARGUMENTS THAT THE
       COURT ALREADY CONSIDERED AND REJECTED, AND WHICH
       CONTINUE TO LACK MERIT....................................................... 16

       A.     Through Their Motions for Reconsideration, Coast ATM and the
              Regens Improperly Seek Merely to Rehash Arguments Already
              Presented to the Court, Briefed, and Decided. ........................ 17

       B.     The Court Properly Ordered Coast ATM, As Well As the Regens,
              to Pay Attorneys' Fees and Costs. ......................................... 18

              1.     Plaintiffs Asserted Breaches by Both the Regens and Coast ATM.18

              2.     The Agreement the Regens and Coast ATM Signed Permits the
                     Award of Costs and Fees Against Each of Them. ....................... 20

       C.     The Court Carefully Considered the Key Cases Before Granting
              the Motion to Vacate................................................................ 21

III.   THE MOTIONS FOR A STAY SHOULD BE DISMISSED AS
       PREMATURE AND MOOT; ALTERNATIVELY, A STAY PENDING
       APPEAL WOULD UNFAIRLY PREJUDICE PLAINTIFFS AND
       SHOULD THEREFORE BE DENIED............................................. 23

       A.     The Motions for a Stay Pending Appeal Are Premature. ........................ 23

       B.     The Motions for a Stay Are Moot Because the Depositions Will
              Take Place in California.......................................................... 24

       C.     A Stay Would Unfairly Prejudice Plaintiffs............................................ 24

# TABLE OF AUTHORITIES

## CASES

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
    99 F.R.D. 99 (E.D. Va. 1983) ........................................................................ 17

*Adduono v. World Hockey Ass'n*,
    824 F.2d 617 (8th Cir. 1987) ........................................................................ 20

*Brambles USA, Inc. v. Blocker*,
    735 F. Supp. 1239 (D. Del. 1990) ............................................................. 16, 18

*Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l, Inc.*,
    2005 U.S. Dist. LEXIS 11299 (D. Del. May 12, 2005) ...................... 15, 16, 17

*Drayer v. Delaware*,
    2004 U.S. Dist. LEXIS 25919 (D. Del. Dec. 14, 2004) ...................... 15, 16, 17

*Inc. v. Brokertec USA, L.L.C.*,
    2005 U.S. Dist. LEXIS 785 (Jan. 11, 2005) ................................................. 15

*Karr v. Castle*,
    768 F. Supp. 1087 (D. Del. 1991) .......................................................... 15, 16, 18

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) ...................................................................................... 10

*Parks v. Commonwealth of Pennsylvania*,
    1996 WL 479658 (E.D. Pa. Aug. 20, 1996) ................................................. 12

*Perkins v. General Motors Corp.*,
    965 F.2d 597 (8th Cir.) ................................................................................. 23

*In re Phar-Mor, Inc. Securities Litigation*,
    172 F.3d 270 (3d Cir. 1999) .......................................................................... 11

*Sawka v. Healtheast, Inc.*,
    989 F.2d 138 (3d Cir. 1993) .................................................................. *passim*

*Schaffer v. GTE North, Inc.*,
    284 F.3d 500 (3d Cir. 2002) .......................................................................... 11

*United States v. One Hundred Thousand None Hundred Eighty Dollars*,
    680 F.2d 106 (11th Cir. 1982) ...................................................................... 20

## STATUTES

Fed. R. Civ. P. 60...........................................................................................................9, 11, 19, 22

Fed. R. Civ. P. 62(d) ................................................................................................................24

## NATURE AND STAGE OF THE PROCEEDING

A brief procedural history follows.  A more complete procedural history is set forth below in the Statement of Facts.

As a result of a Settlement Agreement dated April 21, 2005, entered into shortly after the Court entered an order granting Plaintiffs' motion for a preliminary injunction, the parties agreed to the dismissal of this action with prejudice and mutual general releases of all claims.  (Ex. A to D.I. 49)  The parties further agreed that, among other things, Howard Regen, Helene Regen, and Samuel Freshman would make specified cash payments to Plaintiffs at agreed upon times.  (Ex. A to D.I. 49)  On April 28, 2005, following execution of the Settlement Agreement, the parties filed a stipulation of dismissal of this action with prejudice, and this action was closed on the same day.  (D.I. 48)

The Regens and Defendant Coast ATM stalled in executing documents necessary for the settlement and, two months after the execution of the Settlement Agreement and more than a month after Plaintiffs performed all obligations under the Settlement Agreement precedent to their payment obligations, the Regens still failed to make the required payments.  (D.I. 49; D.I. 52)  Accordingly, on June 22, 2005, Plaintiffs filed a Motion to Vacate Dismissal and Enforce Settlement Agreement, seeking to vacate the stipulated dismissal of this action for the limited purpose of enforcing the terms of the Settlement Agreement.  (D.I. 49)

Between June 27 and September 27, Plaintiffs (D.I. 52, 53, 56, 58) and Coast ATM and the Regens (D.I. 51, 57) also filed supplemental briefing and the Court held a teleconference between the parties (D.I. 55).  In their supplemental briefing, Plaintiffs further refined the scope of the relief sought.  (D.I. 56)

After considering the briefs and the oral argument during the teleconference, the Court issued an Order on October 17, 2005 granting Plaintiff's Motion to Vacate Settlement to the extent of (1) vacating the April 28, 2005 Stipulation of Dismissal Without Prejudice; (2) reopening the case for the limited purposes of (a) entering the Settlement Agreement on the record; and (b) permitting Plaintiffs to take the depositions, in Delaware, of Howard and Helene Regen and a representative of Coast ATM with respect to assets available to satisfy the obligations of the Settlement Agreement.  (D.I. 59 at 5)  The Court further ordered that Howard and Helene Regen and Coast ATM shall bear all reasonable costs associated with the depositions and the Motion to Vacate Dismissal.  (D.I. 59 at 5)

On October 24 and 27, Coast ATM and Howard and Helene Regen, respectively, filed Motions for Reconsideration and/or to Alter or Amend the Judgment; for a Protective Order Regarding Depositions; and for a Stay Pending Appeal.  Plaintiffs now oppose these Motions.

## SUMMARY OF THE ARGUMENT

A review of each of the Motions of Coast ATM and the Regens reveals that they lack merit and, respectfully, should be denied.

As an initial matter, the Motions for a Protective Order Regarding Depositions are moot because, provided that Howard Regen pays all attorneys' fees and travel and video costs associated with the change in venue, Plaintiffs will agree to conduct the depositions of Howard and Helene Regen and a representative of Coast ATM in California, rather than in Delaware.

Secondly, the Motions for Reconsideration or to Alter or Amend the Judgment represent an improper rehashing of arguments that the parties already briefed and the Court already carefully considered and rejected. Moreover, even considering the merits of the Motions, they must nevertheless fail. The Court properly ordered Coast ATM, as well as the Regens, to pay attorneys' fees and costs associated with their depositions and with the Motion to Vacate Dismissal. Plaintiffs' asserted breaches against each of them, and the express language in the Settlement Agreement, to which they each agreed, permits such an Order. The Court did not reach its decision lightly, but rather carefully considered each of the arguments raised and the key applicable cases to conclude that its exercise of jurisdiction is proper. The Motions cite no law or fact to change this carefully considered and well reasoned result.

Finally, the Motions for a Stay Pending Appeal should be dismissed. Initially, they are premature because neither Coast ATM nor the Regens have yet filed an appeal from the Court's October 17, 2005 Order. Moreover, the Motions are moot because Coast ATM's and the Regens' purported justification for needing a stay – the irreversible

occurrence of depositions in Delaware – will no longer occur because Plaintiffs have already agreed to take the depositions in California.  In addition to these procedural hurdles, the Court should deny the Motions for a Stay because such a stay would unduly prejudice Plaintiffs, who will continue to suffer harm to their business and business relationships with each day the Regens and Coast ATM exhibit unfettered disregard for both the financial and non-competition terms of the Settlement Agreement.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case have been the subject of numerous motions, however, Plaintiffs begin by reviewing much of the background and history of the case here so that they become part of the record for purposes of the pending Motions.

Plaintiffs commenced this action nearly a year ago to enforce the terms of, and to seek damages for, multiple breaches of non-compete covenants entered into by Defendant Howard W. Regen in connection with Plaintiffs' multi-million dollar purchase of an established and ongoing cash access business known as Available Money, Inc. ("Available Money"). As alleged by Plaintiffs in their Complaint, in exchange for the millions of dollars of consideration it paid to purchase Available Money, iGames Entertainment, Inc. ("iGames")[1] was to have received all Available Money ATMs, inventory, and receivables and, most importantly, a number of existing customer relationships and other goodwill associated with Available Money. To help ensure that the customer relationships and goodwill developed by Available Money and purchased by iGames would in fact be preserved, iGames negotiated the execution, by Available Money's former executives, of covenants not to compete with Available Money or to otherwise entice its customers for a specified period of time following the transaction. Among those executing such a covenant were Available Money's former director and head of operations, Howard Regen, and his wife, Helene Regen, a former owner of Available Money. (D.I. 15; D.I. 17; D.I. 49 at ¶ 1)

---

[1] Money Centers of America, Inc. is the successor in interest by merger to iGames.

Plaintiffs specifically alleged that Howard Regen repeatedly violated his covenant not to compete and engaged in unlawful conduct. (D.I. 15; D.I. 17; D.I. 49 at ¶ 2) Plaintiffs thus sought, by motion filed on January 27, 2005, to temporarily, preliminarily, and permanently enjoin Mr. Regen from exploiting confidential and proprietary information and goodwill for which iGames paid millions. (D.I. 17; D.I. 49 at ¶ 2)

After expedited discovery, a hearing on the motion for injunctive relief was held on March 11, 2005. (D.I. 40) At the conclusion of the hearing, the Court granted Plaintiffs' motion for a preliminary injunction and entered an Order to that effect on April 5, 2005. (D.I. 40; D.I. 45) The Court also entered an order that required Mr. Regen to pay to Plaintiffs certain expenses, totaling $7,400.00, associated with his deposition as a sanction for his conduct. (D.I. 40) Mr. Regen has not paid those sanctions. (D.I. 49 at ¶ 3)

Very shortly after the March 11, 2005 preliminary injunction hearing, the parties and their affiliates engaged in discussions in an attempt to reach an amicable settlement of Plaintiffs' action. As a result of those discussions, the parties entered into a written settlement agreement dated April 21, 2005 (the "Settlement Agreement").[2] By the terms of the Settlement Agreement, the parties agreed to the dismissal of this action with prejudice and mutual general releases of all claims. (Ex. A to D.I. 49) The parties further agreed that, among other things, Howard Regen, Helene Regen and Samuel Freshman were to make specified cash payments to Plaintiffs at agreed upon times. (Exh. A to D.I. 49) The Regens also agreed to pay, jointly and severally, the discovery sanctions the Court levied against Mr. Regen. (Exh. A to D.I. 49 at ¶ 6(a)) For their part,

---

[2]     A copy of the Settlement Agreement is attached to D.I. 49 as Exhibit "A."

iGames and Christopher Wolfington agreed to deliver a release of liability and consent of license agreement from a customer known as the Irvine Company. (Exh. A to D.I. 49; D.I. 49 at ¶ 4)

The parties agreed that all actions and proceedings arising from the Settlement Agreement should be litigated in the courts within the State of Delaware, and all parties consented to the jurisdiction thereof. (Exh. A to D.I. 49 at ¶ 24) The parties also agreed that the prevailing party in any action to enforce the Settlement Agreement, or brought because of any breach thereof, would be entitled to recover from the other party reasonable attorneys' fees and costs incurred in connection with such an action. (Exh. A to D.I. 49 at ¶ 22; D.I. 49 at ¶ 5) On April 28, 2005, following execution of the Settlement Agreement, the parties filed a stipulation of dismissal of this action with prejudice, and this action was closed on the same day. (D.I. 48)

Since executing the Settlement Agreement, Plaintiffs have performed all conditions precedent to the payment by the Regens and Mr. Freshman of the amounts agreed to in the Settlement Agreement. With respect to the liability release from the Irvine Company, Plaintiffs' counsel delivered, on May 19, 2005, a form of consent to assignment of license agreement actually drafted by counsel for the Irvine Company (the "Assignment") and executed by iGames. The email transmitting the Assignment explained that it had been drafted by counsel for the Irvine Company and that the Irvine Company was prepared to sign it upon receipt of Defendants' signatures. The delivery of that document satisfied Plaintiffs' obligations under the Settlement Agreement and thus triggered the Regens' obligations to make the payments required by the Settlement Agreement. (D.I. 49 at ¶ 7; D.I. 52 at 1-2)

Despite repeated calls and emails in the weeks following Plaintiffs' delivery of the Assignment, the Assignment still was not executed, nor had the Regens made the payments required under the Settlement Agreement.  (D.I. 49 at ¶ 8; D.I. 52 at 3)  Instead, the Regens and Coast ATM drug their feet and relayed excuses.  (D.I. 52 at 3)  Two months after the execution of the Settlement Agreement and more than a month after Plaintiffs performed all obligations thereunder, the Regens still failed to comply.  (D.I. 49 at ¶ 8)  Accordingly, on June 22, 2005, Plaintiffs filed a Motion to Vacate Dismissal and Enforce Settlement Agreement, seeking to vacate the stipulated dismissal of this action for the limited purpose of enforcing the terms of the Settlement Agreement.  (D.I. 49)

Howard Regen and Coast ATM filed an Answering Brief (D.I. 50) and an Amended Answering Brief (D.I. 51) on June 27 and 28, 2005, respectively, in which they cited no law whatsoever.  On July 5, 2005, Plaintiffs filed a Reply Brief in Further Support of their Motion to Vacate Dismissal and Enforce Settlement Agreement (D.I. 52).  In that Reply Brief, Plaintiffs set forth again, in detail, the tactics employed by the Regens and Coast ATM to stall or avoid the Regens' payment pursuant to the terms of the Settlement Agreement.  (D.I. 52 at 1-3)  In light of these stall tactics, Plaintiffs again respectfully requested that the Court enter an Order directing the Regens to make the payments required by the Settlement Agreement, compensating Plaintiffs for the costs associated with the Motion to Vacate Dismissal and pursuing final resolution of the Settlement Agreement, imposing sanctions for the bad faith attempts to forestall payment, and imposing sanctions against Howard Regen for failing to pay the discovery sanction the Court ordered him to pay on March 11, 2005 (D.I. 40; D.I. 52 at 3-4)

On August 3, 2005, by letter brief to the Court (D.I. 53), Plaintiffs explained that defense counsel unreasonably continued to offer further excuses and more delay in making the payments under the Settlement Agreement.  (D.I. 53 at 2)  Finally, Plaintiffs requested that the Court order a hearing on Plaintiffs' Motion to Vacate Dismissal to allow Plaintiffs the opportunity to, among other things, seek the costs associated with their Motion and to recover interest on outstanding payments.  (D.I. 53 at 2)  Plaintiffs subsequently obtained information suggesting that the Regens, through Coast ATM, are continuing to compete with Plaintiffs in violation of their Non-competition Agreements and the obligations of the Regens and Coast ATM under the Settlement Agreement, and so notified the Court during the September 14, 2005 teleconference (D.I. 55) and in multiple letter briefs (D.I. 56; D.I. 58 at 2).

For the first time, at the September 14, 2005 teleconference with the Court, Defendants questioned the Court's jurisdiction to entertain the Motion to Vacate Dismissal and Enforce Settlement and argued that Plaintiffs should be required to enforce the Settlement Agreement through a separate contract action.  (D.I. 55)  Accordingly, the Court directed Plaintiffs to file a letter brief addressing the Court's jurisdiction.  (D.I. 55)

On September 16, 2005, Plaintiffs filed a letter brief of Supplemental Authorities in Support of Plaintiffs' Motion to Vacate Dismissal.  (D.I. 56)  In that letter brief, Plaintiffs further focused their request for relief, requesting that the Court vacate the dismissal of the action for the limited purposes of (1) entering the Settlement Agreement on the record; (2) allowing Plaintiffs to depose Howard Regen, Helene Regen, and a representative of Coast ATM in Delaware with respect to the Regens' claimed inability to pay the amounts due by them for both sanctions and the Settlement Agreement, reasons

for nonpayment, and competitive activities by the Regens and Coast ATM; and (3) allowing Plaintiffs to recover the costs associated with such depositions and the Motion to Vacate Dismissal, together with interest on all outstanding amounts owed to Plaintiffs. (D.I. 56)  Plaintiffs thus requested that the Court hold their Motion to Enforce the Settlement in abeyance until the placing of the Settlement Agreement on the record and completion of the depositions.  (D.I. 56 at 2 n.2)

Specifically, in the September 16, 2005 letter brief, Plaintiffs explained, in relevant part, that:

> 1.     The express language of the Settlement Agreement supports an award of fees and costs.  The parties agreed that, in any action for breach of, or to enforce or interpret any of the provisions of the Settlement Agreement, the prevailing party "*shall* be entitled to recover from the other party reasonable attorneys' fees and court costs incurred in connection with such action, the amount of which shall be fixed by the court and made a part of any judgment rendered."  (Exh. A to D.I. 49 at ¶ 22 (emphasis added)).

> 2.     Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order for "misconduct of an adverse party," where "it is no longer equitable that the judgment should have prospective application," or where there exists "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(3), (5), and (6).  Pursuant to *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993), the Court retains subject matter jurisdiction under Rule 60(b) to entertain a later motion to vacate the judgment.

> 3.     In addition to the parties' breach of the Settlement Agreement, here, Mr. Regen also violated the Court's own Order to pay Plaintiffs sanctions for his obstructive discovery conduct.  Thus, there existed sufficiently "extraordinary circumstances" required to set the judgment of dismissal aside.  *See Sawka*, 989 F.2d at 140-41.  Moreover, this Court can enter orders that permit it to vindicate its authority and effectuate its decrees.

> 4.     Plaintiffs also explained that the Regens' and Coast ATM's reliance on *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), in which the Supreme Court reversed the Ninth Circuit's affirmance of a district court's assertion of jurisdiction to enforce a settlement agreement after a stipulated dismissal, to attack the Court's

jurisdiction to entertain Plaintiffs' motion and order the relief sought is misplaced because *Kokkonen* did not appear to address a motion to vacate an order of dismissal. Rather, in *Kokkonen*, the appellee simply filed a motion for wholesale specific enforcement of the settlement without first seeking to vacate the dismissal – or to take additional discovery. *See Kokkonen*, 511 U.S. at 377, 378. In fact, the Court noted a distinction between seeking specific enforcement of the settlement agreement and the "mere[] reopening" of the dismissed suit. *See id.* at 378. In their letter brief, Plaintiffs sought only to reopen the case for the limited purposes noted above and requested that the Court hold their Motion to Enforce Settlement in abeyance until these purposes are accomplished.

       5.    *Kokkonen* is also distinguishable because, in that case, the court did not have an independent basis for jurisdiction. *Kokkonen*, 511 U.S. at 382. Here, such an independent basis exists where there exists diversity between the parties and the amount in controversy pursuant to the Settlement Agreement exceeds $75,000.00. (Exh. A to D.I. 49 at ¶¶ 5(a), 5(b), 6(a), 6(b), 24)

Defendants responded through a letter brief dated September 21, 2005 (D.I. 57):

       1.    Defendants first claimed that there was no allegation that any party to the Settlement Agreement other than Howard Regen has failed to fulfill any obligations under that agreement. (D.I. 57 at 2)

       2.    Defendants next argued, as they did at the September 14, 2005 teleconference (D.I. 55), that the Court lacks subject matter jurisdiction to address Plaintiffs' Motion pursuant to *Kokkonen*, 511 U.S. 375, *In re Phar-Mor, Inc. Securities Litigation*, 172 F.3d 270 (3d Cir. 1999), and *Schaffer v. GTE North,* Inc., 284 F.3d 500, 504 (3d Cir. 2002), because the Court dismissed the action with prejudice without expressly reserving jurisdiction to enforce the settlement. (D.I. 57 at 2-3) Rather, Defendants suggested that Plaintiffs were required to institute a separate action. (D.I. 57 at 3)

       3.    Next, resting primarily on *Sawka*, 989 F.2d at 140, which Plaintiffs had already distinguished in their September 16, 2005 letter brief (D.I. 56 at 3), Defendants asserted that Rule 60(b) of the Federal Rules of Civil Procedure does not justify the relief Plaintiffs seek. (D.I. 57 at 4)

       4.    Finally, Defendants cited a case from 1911, an extra-jurisdictional case from 1950, and *Kokkonen*, which Plaintiffs had already distinguished in their letter brief (D.I. 56 at 4), for the proposition that the Court may not assert jurisdiction in a settled case to punish a violation of Court-imposed sanctions. (D.I. 57 at 4)

On September 27, 2005, Plaintiffs filed a concise letter brief to the Court (D.I. 58), noting two fundamental misunderstandings in Defendants' September 21, 2005 letter brief (D.I. 57). First, Plaintiffs argued, Defendants misunderstood the limited scope of relief Plaintiffs sought, as set forth in Plaintiffs' September 16, 2005 letter brief (D.I. 56). (D.I. 58 at 1) Plaintiffs also argued that Defendants' opposition was based on the erroneous notion that there is no allegation that any party to the Settlement Agreement other than Howard Regen has failed to fulfill any obligations under that agreement. (D.I. 58 at 2) To the contrary, Plaintiffs argued, Helene Regen is jointly and severally liable on the delinquent payments and Plaintiffs had alerted the Court to information they received that the Regens, through Coast ATM, are violating their non-compete agreements and the terms of the Settlement Agreement. (D.I. 58 at 2)

On October 17, 2005, the Court entered a Memorandum Order granting Plaintiffs' Motion to Vacate Dismissal (D.I. 59), concluding that the Court has jurisdiction and that the Motion has merit. (D.I. 59 at 1) After reciting the applicable facts (D.I. 59 at 1-2), the Court first considered and rejected Defendants' argument that, under *Kokkonen*, 511 U.S. 375, the Court does not have subject matter jurisdiction to grant the Motion (D. 59 at 3). The Court concluded that, where either (1) the dismissal order incorporated the settlement contract; (2) the court retained jurisdiction over the settlement agreement; or (3) there is some independent basis for federal jurisdiction or where jurisdiction is necessary to vindicate the court's authority, a district court has subject matter jurisdiction to reopen a case to enforce the terms of a settlement. (D.I. 59 at 3 (citing *Kokkonen*, 511 U.S. at 381-82; *Parks v. Commonwealth of Pennsylvania*, 1996 WL 479658, *1 (E.D. Pa. 1996)) Here, the Court reasoned that the third factor applies, concluding that there is an

independent basis for jurisdiction because there is diversity among the parties and more than $75,000 is in controversy. (D.I. 59 at 3)  In addition, the Court concluded that ancillary jurisdiction also existed to allow the Court to enforce the sanctions imposed on Mr. Regen on March 11, 2005 for his litigation misconduct. (D.I. 59 at 4)

The Court carefully considered the scope of the relief sought under *Kokkonen*, in which the Supreme Court noted that there is a difference between "enforcement of the settlement agreement . . . [and] reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." (D.I. 59 at 4 (quoting *Kokkonen*, 511 U.S. at 378))  Here, the Court reasoned, the limited scope of the relief Plaintiffs sought is permissible under *Kokkonen*. (D.I. 59 at 4)  The Court agreed with Plaintiffs that this case is distinguishable from *Sawka* because, not only did Howard Regen, Helene Regen, and Coast ATM breach the Settlement Agreement, but Howard Regen also violated the Court's express Order for sanctions (D.I. 40). (D.I. 59 at 4-5)  Accordingly, the "extraordinary circumstances" required for setting aside the judgment of dismissal and reopening the case for the limited purposes set forth in the September 16, 2005 letter brief (R.I. 56) existed. (D.I. 59)

The Court therefore granted the Motion to Vacate Dismissal to the extent of (1) vacating the April 28, 2005 Stipulation of Dismissal Without Prejudice; (2) reopening the case for the limited purposes of (a) entering the settlement agreement on the record; and (b) permitting Plaintiffs to take the depositions, in Delaware, of Howard and Helene Regen and a representative of Coast ATM with respect to assets available to satisfy the obligations of the Settlement Agreement. (D.I. 59 at 5)  The Court further ordered that

Howard Regen, Helene Regen, and Coast ATM shall bear all reasonable costs associated with the depositions and the Motion to Vacate.  (D.I. 59 at 5)

On October 20, 2005, pursuant to the Court's October 17, 2005 Order, Plaintiffs noticed the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM for November 9, 2005 in Wilmington, Delaware.  (D.I. 60, 61, 62)  On October 24 and 27, 2005, Coast ATM and Howard and Helene Regen, respectively, filed the instant Motions for Reconsideration or Alternatively to Amend the Judgment (the "Motions for Reconsideration"), for a Protective Order (the "Motions for Protective Order"), or for a Stay Pending Appeal (the "Motions for a Stay").  (D.I. 63; D.I. 64)  Plaintiffs now file their opposition to those Motions.

## ARGUMENT

I.    **THE MOTIONS FOR A PROTECTIVE ORDER OR FOR AMENDMENT OF THE COURT'S ORDER REGARDING THE TIMING AND LOCATION OF DEPOSITIONS ARE MOOT**

In their Motions, neither Coast ATM, nor the Regens, objects to being deposed. Rather, they object to the timing and location of their depositions in Delaware. (D.I. 63 at ¶ 2 n.1; D.I. 64 at ¶¶ 2, 4) The Motions of Coast ATM and the Regens for a protective order to force the depositions to take place in California, rather than in Delaware as ordered, however, are moot. Based on the representations of Mr. Regen's doctor that Mr. Regen's medical condition prevents him from traveling by airplane or long distance by ground transportation (Exh. A to D.I. 64), Plaintiffs will agree to take the depositions of Mr. Regen, Mrs. Regen, and a representative of Coast ATM in California.

Mr. Regen acknowledges in his Motion that he "will have to assume to travel cost involved." (D.I. 64 at 2) Plaintiffs therefore respectfully request that the Court order Mr. Regen to pay the attorneys' fees for the extra travel time, travel costs, and video costs associated with these depositions. Travel costs, of course, include costs of the airfare, ground transportation, lodging, and meals of both Plaintiffs' counsel and Christopher Wolfington, Plaintiffs' representative, who is entitled to attend the depositions pursuant to Local Rule 30.3 and who certainly would attend any depositions in Delaware. Moreover, due to Mr. Regen's prior conduct, video is necessary to allow the Court easy access in response to any irregularities. Also, in light of Mr. Regen's self-proclaimed cash-flow problem (D.I. 57 at 1, 5; D.I. 64 at 3), Plaintiffs request that the Court require Mr. Regen to pay these costs in advance or post a bond with the Court for these costs.

## II.    THE MOTIONS FOR RECONSIDERATION ARE NOTHING MORE THAN AN IMPROPER REHASHING OF ARGUMENTS THAT THE COURT ALREADY CONSIDERED AND REJECTED, AND WHICH CONTINUE TO LACK MERIT

Because the objections of the Regens and Coast ATM to the timing and location of their depositions are now moot, the only matters remaining for possible reconsideration are (1) the Order vacating the settlement and reopening the case for limited purposes; (2) the Order requiring Coast ATM to pay the costs associated with its deposition in California (other than travel costs, which Mr. Regen understands he will be required to pay (D.I. 64 at 2)); and (3) the Order requiring Defendants, jointly and severally, to pay Plaintiffs' costs and reasonable attorneys' fees associated with preparing the Motion to Vacate Dismissal and all submissions and argument associated therewith (D.I. 63 at ¶ 1).  (D.I. 59 at 5-6)  The Regens and Coast ATM, however, cannot satisfy the criteria for this Court to reconsider its October 17, 2005 Order, grant reargument, or amend its judgment.

Relief by way of a motion for reargument or reconsideration is an extraordinary remedy that is to be granted very sparingly.  *See Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991) (cited in *eSpeed, Inc. v. Brokertec USA, L.L.C.*, 2005 U.S. Dist. LEXIS 785 at *3 (Jan. 11, 2005)).  Such a motion should be granted only if "(1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available [] at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in manifest injustice."  *eSpeed*, 2005 U.S. Dist. LEXIS 785 at *3 (citation omitted).  *See also Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l, Inc.*, 2005 U.S. Dist. LEXIS 11299 at *3 (May 12, 2005) (citation omitted) (same); *Drayer v. Delaware*, 2004 U.S. Dist. LEXIS 25919 at *6 (Dec. 14, 2004) (same).  In their

Motions for Reconsideration, Coast ATM and the Regens do not even attempt to argue that they are entitled to relief under either of the first two avenues. Thus, their Motions can only succeed if they establish any legal or factual error resulting in manifest injustice to qualify for relief under the third avenue, which, as set forth below, they cannot do.

      **A.**      **Through Their Motions For Reconsideration, Coast ATM And The Regens Improperly Seek Merely To Rehash Arguments Already Presented To The Court, Briefed, And Decided**

Relief is available under this third avenue "only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error *not of reasoning, but of apprehension*." *eSpeed*, 2005 U.S. Dist. LEXIS 785 at *3 (emphasis added) (citing *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 1010 (E.D. Va. 1983)). "Reargument should not be granted where it would merely allow wasteful repetition of arguments already briefed, considered and decided." *Brambles*, 735 F. Supp. at 1240 (internal quotations omitted) (citing *Above the Belt, Inc.*, 99 F.R.D. at 101) (cited in *eSpeed*, 2005 U.S. Dist. LEXIS 785 at *3). *See also Karr*, 768 F. Supp. at 1093 (noting that a "motion for reconsideration should not be used as a vehicle for endless debate between the parties and the court."); *Chemipal*, 2005 U.S. Dist. LEXIS 11299 (denying motion for reargument that merely rehashed arguments already briefed).

Coast ATM and the Regens have presented no evidence or law to justify the extraordinary remedy of striking or amending an order that was the result of numerous formal briefs and letter briefs, detailed legal argument, and a conference before the Court. Rather, in their Motions for Reconsideration, Coast ATM and the Regens merely re-present arguments that this Court has already considered in depth and decided.

For example, Coast ATM bases its Motion for Reconsideration in large part on its erroneous assertion that ordering Coast ATM to pay costs and fees associated with their deposition or the Motion to Vacate Dismissal is unfair because "[t]here was no suggestion that Coast had not fulfilled its obligations under the settlement agreement." (D.I. 63 at ¶ 3)  Coast ATM raised this argument, however, in briefing to this Court. (D.I. 57 at 2)  As Plaintiffs pointed out during the teleconference with the Court and in multiple letter briefs to the Court (D.I. 56; D.I. 58 at 2), Plaintiffs have obtained information that suggests that the Regens, through Coast ATM, are continuing to compete with Plaintiffs in violation of their non-competition agreements and the Settlement Agreement.  Plaintiffs also contend that the Regens and Coast ATM breached the Settlement Agreement by employing stall tactics in the execution of the Assignment (D.I. 49 at ¶¶ 7, 8; Exh. A to D.I. 49 at ¶ 25(d); D.I. 52 at 2-3)  Accordingly, the Court clearly considered this argument before entering the Order Coast ATM now asks it to reconsider.  Such rehashing of issues already argued, considered, and decided is improper.  *See, e.g., eSpeed*, 2005 U.S. Dist. LEXIS 785 at *3.

> **B.     The Court Properly Ordered Coast ATM, As Well As The Regens, To Pay Attorneys' Fees And Costs**
>
> > **1.     Plaintiffs Asserted Breaches By Both The Regens And Coast ATM**

As explained above, the Motions for Reconsideration rest, in large part, on the erroneous assertion that Plaintiffs have not alleged that *Coast ATM* has not fulfilled its obligations under the Settlement Agreement and it is therefore not proper to require Coast ATM to pay costs and attorneys' fees.  To the contrary, Plaintiffs made allegations against Howard Regen, Helene Regen, and Coast ATM.

Initially, as previously set forth, Plaintiffs notified the Court on several occasions that it had obtained information that Coast ATM and the Regens were competing with Plaintiffs in violation of the Settlement Agreement. (D.I. 56; D.I. 58 at 2) Tellingly, *in neither* a written response to the Motion to Vacate Dismissal (D.I. 57 at 5), nor its Motion for Reconsideration (D.I. 63 at ¶ 9), nor before the Court at the teleconference (D.I. 55), *did Coast ATM ever deny that it was competing with Plaintiffs in violation of the Settlement Agreement.* (D.I. 57 at 5)

Moreover, as Plaintiffs explained in their briefs, on May 19, 2005, counsel for Plaintiffs delivered to counsel for the Regens and Coast ATM a form of consent to assignment of license agreement actually drafted by the Irvine Company and an e-mail explaining that the Irvine Company was prepared to sign it upon receipt of Defendants' signatures. (D.I. 52 at 2; D.I. 53 at 1) The delivery of those documents, which were executed by iGames prior to delivery, satisfied Plaintiffs' obligations under the Settlement Agreement and triggered the Regens' obligations to make the payments required by the Settlement Agreement. (D.I. 52 at 2; D.I. 53 at 1) Nevertheless, as set forth in detail in Plaintiffs' Reply Brief in Further Support of their Motion to Vacate, the Regens and Coast ATM drug their feet in executing a final form of consent in a bad faith attempt to forestall payment under the Settlement Agreement. (D.I. 52 at 3-4; D.I. 53 at 1-2) Such obstructionist behavior in delaying the final form of consent constitutes a breach of the Settlement Agreement itself. (Exh. A to D.I. 49 at ¶ 25(d) ("The parties hereto agree that each of them will not take any action which would interfere with the performance of this Agreement by any other party hereto or which would adversely affect

any of the rights provided for herein."))    Accordingly, there can be no doubt that Plaintiffs complained of the conduct of not just the Regens, but also Coast ATM.

### 2.    The Agreement The Regens And Coast ATM Signed Permits The Award Of Costs And Fees Against Each Of Them

Moreover, the repeated arguments of Coast ATM and the Regens in the Motions for Reconsideration that the Court's award of costs and fees must be stricken because they were not based on a finding of bad faith or frivolousness (D.I. at ¶ 2; D.I. 64 at ¶¶ 3(a), (b), (c)) run contrary to their own intentions, as expressed in the Settlement Agreement.    (Exh. A to D.I. 49 at ¶ 22)    The Settlement Agreement unmistakably provides that, "If *any action* is brought *because of any breach* of, *or to enforce*, [or] interpret . . . any of the provisions of this Agreement, the party prevailing in such action *shall be entitled to recover* from the other party reasonable attorneys' fees and court costs incurred in connection with such action."    (Exh. A to D.I. 49 at ¶ 22 (emphasis added))[3]

Here, there can be no doubt that Plaintiffs' Motion to Vacate was necessitated by the Regens' breaches for non-payment under the Settlement Agreement, Coast ATM's facilitation of those breaches (and thus its own breach thereof, *see* Exh. A to D.I. 49 at ¶ 25(d)), and the Regens' and Coast ATM's improper competition with Plaintiffs in violation of the terms of the Settlement Agreement (D.I. 49; D.I. 55; D.I. 56; D.I. 58 at

---

[3]    In citing two extra-jurisdictional cases (D.I. 63 at ¶ 7; D.I. 64 at ¶ 3(d)), *Adduono v. World Hockey Ass'n*, 824 F.2d 617, 620 (8th Cir. 1987), and *United States v. One Hundred Thousand None Hundred Eighty Dollars*, 680 F.2d 106, 107 (11th Cir. 1982), for the proposition that Rule 60 does not provide authorization for an award of attorneys' fees, the Regens and Coast ATM miss the point.    As an initial matter, the Court never stated that it was relying solely on Fed. R. Civ. P. 60(b) as authority for awarding these costs and fees.    (D.I. 59)    Moreover, the Court did not need to rely on any such rule, as the Regens' and Coast ATM's own agreement, which Plaintiffs brought to the Court's attention (D.I. 56 at 3), expressly permitted the award the Court made.    (Exh. A to D.I. 49 at ¶ 22)

2). Accordingly, under the clear language that both the Regens and Coast ATM signed, they are liable for costs and fees associated with the Motion to Vacate, whether or not their breaches were a result of bad faith (of which, in any event, the Court had evidence), and whether or not the Regens' and Coast ATM's objections to the Motion to Vacate were frivolous. (Exh. A to D.I. 49 at ¶ 22)[4, 5]

### C.     The Court Carefully Considered The Key Cases Before Granting The Motion To Vacate

In deciding to reopen the case to enter the Settlement Agreement on the record and allowing Plaintiffs to take depositions, the Court carefully considered, among others, the two key cases – *Kokkonen*, 511 U.S. 375, and *Sawka*, 989 F.2d 138 – and found them both to be distinguishable from the case at bar.

In *Kokkonen*, the Supreme Court merely decided that a federal district court does not possess inherent subject matter jurisdiction to enforce a settlement agreement between parties whose case was dismissed from federal court with prejudice, pursuant to the agreement, *and over which the court has no remaining independent grounds for jurisdiction*. *See Kokkonen*, 311 U.S. at 395-96. Here, however, as Plaintiffs explained (D.I. 56 at 4), and as the Court carefully reasoned, there exists independent grounds for jurisdiction – diversity of the parties and more than $75,000 in controversy (D.I. 59 at 3).

---

[4]     Should the Court disagree and believe both that bad faith is required and that Plaintiffs presented insufficient evidence thereof, Plaintiffs respectfully request an evidentiary hearing (via videoconference at Howard Regen's expense, due to his claimed inability to attend proceedings in Delaware (D.I. 64 at ¶ 2)), to further demonstrate to the Court the bad faith conduct of the Regens and Coast ATM.

[5]     Further, should the Court determine that the Order awarding costs and fees may be premature, Plaintiffs respectfully request that the Court stay this portion of its Order until after depositions take place, at which time the Court can revisit the issue if necessary.

Accordingly, the exercise of jurisdiction is proper.  None of the arguments the Regens or Coast ATM raise or cases cited defeat the propriety of this exercise of jurisdiction.[6] Indeed, neither the Regens nor Coast ATM dispute the validity of this independent ground for exercising jurisdiction.  (D.I. 63; D.I. 64)

Moreover, the Court analyzed *Sawka*, the key Third Circuit case regarding motions to vacate an order of dismissal.  In *Sawka*, the Court determined that the breach of the terms of the settlement that formed the basis of the parties' filing of a stipulation of dismissal did not alone constitute sufficiently "extraordinary circumstances" required to set the judgment of dismissal aside pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  *See Sawka*, 989 F.2d at 140-41.  As Plaintiffs explained, and as the Court carefully concluded, in the instant case, however, there exists *more* than a mere breach of a private agreement.  (D.I. 56 at 3; D.I. 59 at 4-5)  In addition to the Regens' breaches of the Settlement Agreement, Howard Regen violated the Court's own Order to pay sanctions for his discovery conduct.[7]  (D.I. 56 at 3; D.I. 59 at 5)

---

[6]    Notably, Coast ATM and the Regens argue that the Court's exercise of jurisdiction over the Motion to Vacate was not necessary to "vindicate" its authority.  (D.I. 63 at n.2; D.I. 64 at ¶ 1)  In granting the Motion to Vacate, however, the Court did not simply rely on its inherent power to "vindicate its authority," *Kokkonen*, 511 U.S. at 380, as the *only* basis for its exercise of jurisdiction over the Motion to Vacate.  Rather, having *already found* that it possessed independent jurisdiction by virtue of diversity of citizenship and the amount in controversy (D.I. 59 at 3), the Court noted that its power to enforce the sanctions it levied against Mr. Regen provided an *additional* ground for exercising jurisdiction (D.I. 59 at 4).

[7]    The Regens make the curious argument that "the sanction was not issued in this action, but in a separate action, C.A. No. 04-CV-859."  This argument is particularly bizarre where Plaintiffs' Motion seeking these sanctions was filed in *this* case (D.I. 39) and the proceedings in which the Court issued those sanctions were entered on the docket in *this* case (D.I. 40).  Moreover, the action the Regens reference, *Philips Healthcare v. Gillette Company*, *et al*, No. 1:04-cv-00859-GMS, is completely unrelated to this case.

Reopening the case only as to Howard Regen, which Coast ATM and Helene Regen advocate,[8] would unjustly permit Coast ATM and Helene Regen to benefit from a Settlement Agreement they are continuing to violate. Reopening the case is especially warranted where Howard Regen does business out of the offices of Coast ATM and serves as the registered agent for Coast ATM, see California Secretary of State, LTP/LLC Record Re: Coast ATM, filed Sept. 6, 2005, attached hereto as Exhibit "A, and in light of the myraid evidence presented to the Court at the preliminary injunction hearing that Mr. Regen, at a minimum, controls Coast ATM (D.I. 40).[9, 10]

## III.   THE MOTIONS FOR A STAY SHOULD BE DISMISSED AS PREMATURE AND MOOT; ALTERNATIVELY, A STAY PENDING APPEAL WOULD UNFAIRLY PREJUDICE PLAINTIFFS AND SHOULD THEREFORE BE DENIED.

### A.   The Motions for a Stay Pending Appeal Are Premature.

As an initial matter, the Motions for a Stay Pending Appeal pursuant to Rule 8(a)(1) are premature because neither Coast ATM, nor the Regens, have yet filed a notice of appeal from the Court's October 17, 2005 Order.

---

[8]   Plaintiffs are puzzled as to how *Perkins v. General Motors Corp.*, 965 F.2d 597, 599 (8th Cir.), *cert.* denied, 506 U.S. 1020 (1992), (in any event a non-binding case), which Howard and Helene Regen cite, is helpful to their argument.

[9]   *See   also*   printout   from   Fundrace   2004, http://fundrace.org/neighbors.php?search=1&type=name&lname=Regen&fname=Howard, dated 2004, printed on Nov. 3, 2005, identifying Howard W. Regen as an "Owner A.T.M. Business," attached hereto as Exhibit "B."

[10]   This evidence directly contradicts the unfounded representations of Coast ATM that there is no "evidence that Mr. Regen owns or controls Coast (which he does not), or that he serves as an officer, director, agent or employee of Coast (which he does not)." (D.I. 63 at n.2)

**B.    The Motions For A Stay Are Moot Because The Depositions Will Take Place In California**

Alternatively, the Motions for a Stay should be dismissed as moot.  As their only basis for seeking a stay pending appeal, Coast ATM and the Regens argue that, absent a stay, they "will be denied any opportunity for appellate review, since the deposition will go forward in Delaware" "and there will be no ability to reverse that action."  (D.I. 63 at ¶ 10; D.I. 64 at ¶ 4)  The need for a stay, therefore, is moot because Plaintiffs have agreed to take the depositions in California, *see* section I, *supra*, which neither the Regens nor Coast ATM oppose. (D.I. 63 at ¶ 2 n.1; D.I. 64 at ¶¶ 2, 4)

**C.    A Stay Would Unfairly Prejudice Plaintiffs**

Although the Motions for a Stay are premature and/or moot, they also fail on the merits.  Because they have agreed to travel to California for the depositions, Plaintiffs should not be required to wait until Coast ATM and the Regens appeal to take the depositions.  Any further delay would unfairly prejudice Plaintiffs.  With each day that passes without payment under the Settlement Agreement, Plaintiffs forego alternative or additional business opportunities they could have undertaken had payment been timely, and they suffer harm to their business relationships.  The interest that Howard Regen claims he will pay (D.I. 57 at 1, 5) will not alleviate this irreparable damage to Plaintiffs' businesses.  Moreover, the longer Coast ATM and the Regens are permitted to postpone their depositions, the longer they will be able to engage in activities in competition[11] with Plaintiffs and in violation of the Settlement Agreement.

---

[11]    Should the Court disagree and grant a stay pending appeal, Plaintiffs respectfully request that the Court order Coast ATM and the Regens to post a supersedeas bond with the Court.  *See* Fed. R. Civ. P. 62(d) ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay").

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order (1) requiring Defendant Howard Regen to pay, in advance (or to post a bond), the attorneys' fees, travel costs, and video costs associated with taking the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM in California; and (2) denying the Motions of Coast ATM, Howard Regen, and Helene Regen for Reconsideration and/or to Alter or Amend the Judgment, for a Protective Order Regarding Depositions, and for a Stay Pending Appeal.

DATED:  November 14, 2005

**DUANE MORRIS LLP**

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)
1100 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel:    302.657.4900
Fax:    302.657.4901

**OF COUNSEL:**

Matthew A. Taylor
James L. Beausoleil, Jr.
**DUANE MORRIS LLP**
30 South 17th Street
6th Floor
Philadelphia, Pennsylvania 19103

*Attorneys for Plaintiffs*

WLM\212320.1