

**FINGER & SLANINA, LLC**
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

November 30, 2005

**Via e-filing and hand delivery**
The Hon. Kent A. Jordan
U.S. District Court for the District of Delaware
844 N. King St., Lock Box 10
Wilmington, DE 19801

Re   **Money Centers of America, Inc.,** *et al.* **v. Howard Regen**,
     C.A. No. 04-1516

Dear Judge Jordan:

This letter responds to Your Honor's request for a status report in the above-referenced action.

On October 17, 2005, the Court issued a Memorandum Order in which it (i) vacated the stipulation of dismissal with prejudice, (ii) re-opened the case for the limited purpose of entering the settlement agreement on the record, (iii) permitted plaintiffs to take the depositions of defendants (and Helen Regen, who is not a party to this action) in Delaware, with all costs assessed against the defendants and Mrs. Regen, and (iv) assessed plaintiffs' costs in connection with the motion to re-open against defendants (and Helen Regen, who is not a party to this action)..

On October 24, 2005, defendant Coast ATM ("Coast") filed a motion (1) for reconsideration or, alternatively, to alter or amend the judgment, (2) for a protective order as to the depositions, and (3) for a stay pending appeal. The bases for Coast's motion are that (1) the Court improperly lumped all defendants together for liability purposes when the record revealed that Coast had fulfilled its obligations under the settlement agreement, (2) although the Court held that "extraordinary circumstances" existed in this case since Howard Regen had been previously sanctioned by the Court, such sanction (and therefor the rationale for the Court's decision) did not extend to Coast, (3) there was no evidence (or even identified specifics) to support plaintiffs' naked assertion that Coast was somehow acting with Mr. Regen in allegedly improper competitive activity, and (4) there is no evidence of, and no finding of, bad faith on the part of Coast ATM justifying making Coast pay costs and attorneys' fees to plaintiffs for either the depositions or in connection with the motion to re-open.

The Hon. Kent A. Jordan
November 30, 2005
2

      On October 27, 2005, Howard Regen and Helen Regen filed a motion (1) for reconsideration or, alternatively, to alter or amend the Judgment, (2) for a protective order as to the depositions, and (3) for a stay pending appeal. In addition to the arguments previously set forth by Coast ATM, Mr. Regen provided evidence that, pursuant to doctor's orders, he cannot travel to Delaware for a deposition (but was willing to assume the cost of plaintiffs traveling to California for the deposition). Mrs. Regen asserted that, even though she is not a party to this action and there has not been any evidence of any wrongdoing by her, she has been improperly lumped in with the other defendants for the assessment of liability and costs.

      In responding to these motions, plaintiffs have agreed to withdraw the requirement that the depositions occur in Delaware, and are willing to take the depositions in California. As such, the only issues remaining are whether it was fair and proper re-open the case and to assess the costs and fees of depositions and the motion to re-open to Coast and Helen Regen, neither of which had been previously sanctioned by the Court, as to whom there is no evidence, and no specification, of any alleged wrongdoing, and as Helen Regen is not even a party to this action.

      In the meantime, Mr. Regen is trying to raise the money needed to pay his share of the settlement agreement.

      As always, I am available at the convenience of the Court to answer any questions Your Honor may have.

Respectfully,

David L. Finger
(DE Bar ID #2556)


cc:    Matt Neiderman, Esq. (via PACER)
       James L. Beausoleil, Jr., Esq. (via e-mail)