IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONEY CENTERS OF AMERICA, INC., )
as successor in interest by merger to )
iGames Entertainment, Inc. and )
AVAILABLE MONEY INC., )
)
               Plaintiffs, )
)
v. )    Civil Action No. 04-1516-KAJ
)
HOWARD REGEN and COAST ATM )
INC., )
)
               Defendants. )

## MEMORANDUM ORDER

### I.   INTRODUCTION

Before me are two Motions, one filed by Coast ATM, Inc. ("Coast ATM") (Docket Item ["D.I."] 63; "Coast ATM's Motion"), and the other filed by Howard Regen ("Mr. Regen") and Helene Regen ("Mrs. Regen") (D.I. 64; the "Regens' Motion"). Both motions request three different forms of relief from this court's order of October 17, 2005 (D.I. 59): (1) Reconsideration or, Alternatively, to Alter or Amend the Judgment, (2) for a Protective Order Regarding Depositions, and (3) for a Stay Pending Appeal. (D.I. 63, 64.) That order (D.I. 59) granted the relief requested in the Motion to Reopen and Enforce Settlement Agreement (D.I. 49; the "Motion to Reopen") filed by plaintiffs Money Centers of America, Inc. and Available Money, Inc. (collectively, "Money Centers"), and reopened this case for the purpose of allowing the settlement agreement to be entered on the record and allowing Money Centers to take additional discovery. (D.I. 59.) Both of the current motions present essentially two issues: (1) whether the

depositions of Howard Regen, Helene Regen and a representative of Coast ATM should take place in Delaware or in California; and (2) whether Coast ATM, Howard Regen, and Helene Regen should be responsible for paying the costs and fees with respect to the Motion to Reopen (D.I. 49), and any further discovery and argument connected to the reopening of this case.

Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons that follow, Coast ATM's Motion (D.I. 63) will be granted to the extent that Coast ATM will not be responsible for bearing costs or fees. The Regens' Motion (D.I. 64) will be granted to the extent that Mrs. Regen will not be responsible for bearing costs or fees. Both motions (D.I. 63, 64) will be denied as moot to the extent that they request relief from the order requiring depositions be taken in Delaware. Additionally, the Regens' Motion (D.I. 64) will be denied to the extent that Mr. Regen will be responsible for bearing all costs of the Motion to Reopen, including the costs of taking discovery of Mr. Regen, Mrs. Regen, and Coast ATM.

## II.  STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Seawright v. Carroll*, No. 02-1258-KAJ, 2004 WL 396310, at *1 (D. Del. Mar. 2, 2004) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). "A motion for reconsideration is not appropriate to reargue issues that the court has already considered and denied." *Id.* (internal citation omitted). A court may grant a motion for reconsideration "if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court issued its order; or (3) the need to correct a manifest injustice." *Id.* (*citing Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)).

## III.  DISCUSSION

### A.  Depositions

The parties have agreed that the depositions of Howard Regen, Helene Regen[1] and a representative of Coast ATM will take place in California rather than Delaware. (D.I. 69, 70.) Therefore, the portions of the pending motions requesting a protective order regarding depositions and a stay pending appeal will be denied as moot.[2]

---

[1] It is worth noting that this court never ordered Helene Regen to be deposed in Delaware, as she is not a party to this action. Instead, this court ordered that the "[d]epositions of the Defendants shall take place in Wilmington, Delaware." (D.I. 59 at 5.) The term 'Defendants' does not include Mrs. Regen. Similarly, this court never ordered Mrs. Regen to pay the costs or fees for any motion. Again, this court ordered that "Defendants, jointly and severally, shall be responsible for Plaintiff's costs and reasonable attorney's fees associated with preparing the Motion, and all submissions and argument associated with the Motion." (D.I. 59 at 6.) Again, the term 'Defendants' does not include Mrs. Regen, and therefore, she was never held responsible for any costs or fees.

[2] In the current motion, Coast ATM has asserted "Coast does not object to being deposed. Its objection is limited to be [sic] compelled to come to Delaware . . . Coast is willing to be deposed in California." (D.I. 63 at 2 n.1.) The Regens requested relief for similar reasons, arguing that they should not be compelled to come to Delaware because Mrs. Regen is not a party to this action, and Mr. Regen is physically unable to do so. (D.I. 64 at ¶ 2.) Both the Regens and Coast ATM requested a stay such that they could appeal this court's order requiring the deposition go forward in Delaware, as "[a]bsent a stay . . . the deposition will go forward in Delaware and there will be no ability to reverse that action." (D.I. 63 at ¶ 10.) However, because Money Centers agreed to take the depositions of the Regens and Coast ATM in California rather than Delaware, (D.I. 70 at 2), no relief is required, and these motions will be denied as moot.

3

B.  Payment of Fees and Costs

Coast ATM, Howard Regen, and Helene Regen also contest the October 17, 2005 order imposing joint and several liability for all costs on the Defendants. (D.I. 59 at 6.) As is stated above, *see supra* note 1, Mrs. Regen is not a Defendant, and therefore, was never ordered to pay any costs or fees with respect to this motion. Only Howard Regen and Coast ATM were responsible for such costs and fees under the October 17, 2005 order.

I.  Coast ATM

As to Coast ATM, reconsideration of the October 17, 2005 order is appropriate, as there is a need to correct that order. In that order, Coast ATM was held responsible, "jointly and severally [with Mr. Regen], . . . for Plaintiff's costs and reasonable attorney's fees associated with preparing the Motion [to Reopen], and all submissions and argument associated with the Motion [to Reopen]." (D.I. 59 at 6.) The order, however, was predicated primarily on Mr. Regen's litigation misconduct, which resulted in the sanctions that were imposed. (D.I. 40 at 176:6-178:6.) Coast ATM asserts that because it has not acted in bad faith, it should not be forced to pay fees and costs based on Mr. Regen's misconduct. (D.I. 63 at ¶¶ 2-6.) Money Centers, on the other hand, asserts that it has "obtained information that suggests that the Regens, through Coast ATM, are continuing to compete with [Money Centers] in violation of their non-competition agreements." (D.I. 68 at 18.) However, Money Centers does not substantiate its claim with any of the information it claims to have obtained, and there is nothing in the record, aside from Money Centers' statement, to indicate that Coast ATM has acted in bad faith or committed any kind of misconduct warranting the imposition of

fees and costs. To date, only Mr. Regen has committed litigation misconduct warranting sanctions. Therefore, because there is no record that Coast ATM has acted in bad faith, it will not be required to pay any of the fees and costs associated with the Motion to Reopen or the October 17, 2005 order. To that extent, Coast ATM's Motion will be granted.

    ii.  <u>Howard Regen</u>

All fees and costs for the Motion to Reopen, including the costs of taking discovery, are to be borne by Mr. Regen. It was Mr. Regen's prior litigation misconduct that required the imposition of sanctions, and it was his failure to pay his portion of the settlement agreement that required the reopening of this case. "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power[,]" and that inherent power is not displaced by any statutory scheme that provides for sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' . . . We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for the bad-faith conduct").

As a result, it is within this court's inherent power to order Mr. Regen to bear the fees and costs of reopening this case, including the costs and reasonable attorney's fees associated with taking discovery of Mr. Regen, Mrs. Regen, and Coast ATM, as well as the fees and costs of preparing the Motion to Reopen and all submissions and argument associated with that motion.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Coast ATM's Motion (D.I. 63) is GRANTED to the extent that Coast ATM will not be responsible for bearing costs or reasonable attorney's fees associated with the Motion to Reopen;

2. The Regens' Motion (D.I. 64) is GRANTED to the extent that Mrs. Regen will not be responsible for bearing costs or reasonable attorney's fees associated with the Motion to Reopen;

3. Both Coast ATM's Motion (D.I. 63) and the Regens' Motion (D.I. 64) are DENIED as moot to the extent that those motions request relief from being deposed in Delaware; and

4. The Regen's Motion is DENIED to the extent that it would relieve Mr. Regen of responsiblity for bearing all costs and reasonable attorney's fees associated with the Motion to Reopen, including all fees and costs of preparing that motion, all submissions and argument associated with that motion, and taking discovery of Mr. Regen, Mrs. Regen, and Coast ATM; Mr. Regen shall bear all such costs and fees.

UNITED STATES DISTRICT JUDGE

December 6, 2005
Wilmington, Delaware